**MARK RUTTER– State Bar No. 058194**
**CAYLIN W. JONES– State Bar No. 327829**
**CARPENTER, ROTHANS & DUMONT LLP**
**500 South Grand Avenue, 19th Floor**
**Los Angeles, CA  90071**
**(213) 228-0400 / (213) 228-0401 [Fax]**
**mrutter@crdlaw.com / cjones@crdlaw.com**

Attorneys for Defendant, CITY OF FOUNTAIN VALLEY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE M. MURRAY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF FOUNTAIN VALLEY POLICE SGT. MIKE PARSONS, FOUNTAIN VALLEY POLICE CHIEF KEVIN CHILDES and THE CITY OF FOUNTAIN VALLEY.<br><br>Defendants. | Case No.: SACV19-00768 GW (JC)<br><br>**Magistrate Judge Jacqueline Chooljian**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 12(b)(6) & 12(e)]<br><br>**Date:        March 3, 2020**<br>**Time:        9:30 a.m.**<br>**Courtroom:   750**<br><br>Discovery Cut-Off:  Not set<br>Final Pre-Trial Conf.:  Not set<br>Trial:  Not set |

**PLEASE TAKE NOTICE** that on **March 3, 2020**, at **9:30 a.m.,** or as soon thereafter as counsel may be heard in Courtroom 750 of the United States District Court, Central District, located at 255 East Temple Street, Los Angeles, CA, 90012 Defendants CITY OF FOUNTAIN VALLEY, a public entity, will and hereby do move this court pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), for an

1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

1 order dismissing the Plaintiff's Complaint or in the alternative pursuant to <u>Federal</u>
2 <u>Rules of Civil Procedure,</u> Rule 12(e), for a more definite statement.

3      This motion is made on the following grounds:

4     1.    The Complaint fails to state any claim upon which relief can be
5 granted against any Defendant.

6     2.    The first claim, entitled "Cause of Action #1" fails to state facts
7 sufficient to support a claim upon which relief can be granted and is not supported
8 by law.

9     3.    The second claim, entitled "Cause of Action # 2" fails to state facts
10 sufficient to support a claim upon which relief can be granted, and is not supported
11 by law.

12     4.    The third claim entitled "Cause of Action #3" fails to state facts
13 sufficient to support a claim upon which relief can be granted and is not supported
14 by law.

15     5.    The fourth claim entitled "Cause of Action #4" fails to state facts
16 sufficient to support a claim upon which relief can be granted and is not supported
17 by law.

18     6.    The fifth claim entitled "Cause of Action #5," seemingly a
19 misidentifies <u>Monell</u> claim, fails to state facts sufficient to support a claim upon
20 which relief can be granted.

21     7.    Plaintiff's request for punitive damages against Defendant is improper
22 and should be dismissed accordingly.

23     This motion is made following the meet and confer between defense counsel
24 and Plaintiff Jane Murray on January 24, 2020 and January 27, 2020, pursuant to
25 Local Rule 7-3.

26 / / /
27 / / /
28 / / /

2

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS
COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

1    This motion will be made and based on this Notice of Motion, the

2    Memorandum of Points and Authorities, the pleadings and records on file with this

3    court, any evidence of which the Court may take judicial notice prior to or at the

4    hearing of this matter, and upon such oral or documentary evidence as may be

5    presented at the hearing of this motion.

6    DATED: January 31, 2020          CARPENTER, ROTHANS & DUMONT LLP

7                                         *Caylin W. Jones*

8                                     By:_____

9                                        MARK RUTTER
                                         CAYLIN W. JONES
10                                       Attorneys for Defendant,
                                         CITY OF FOUNTAIN VALLEY
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS
COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

1

# **TABLE OF CONTENTS**

2   I.    INTRODUCTION ........................................................................................ 1

3   II.   PLAINTIFF'S CLAIMS.............................................................................. 2

4   III.  LEGAL STANDARD ON MOTION TO DISMISS ..................................... 2

5   IV.   STATEMENT OF LAW ............................................................................. 4

6         A.   All of Plaintiff's Claims Are Pled Improperly, And Fail To State Facts

7              Sufficient To Support Any Claim Against the Moving Defendant. .... 4

8         B.   Plaintiff Has Not Plead Sufficient Facts To Warrant Relief Under Her

9              First Claim Alleging An Illegal Seizure of Her Person. ...................... 5

10        C.   The Plaintiff's Second Claim For Excessive Force Is Subject To

11             Dismissal. ......................................................................................... 7

12        D.   Plaintiff Has Not Plead Sufficient Facts To Warrant Relief Under Her

13             Third Claim Alleging An Illegal Seizure of Her Vehicle. ................... 7

14        E.   Plaintiff Has Not Plead Sufficient Facts To Warrant Relief Under Her

15             Fourth Claim Alleging A Violation of Procedural Due Process.......... 9

16        F.   There Is No Evidence To Support The Plaintiff's Claim For ............ 11

17  V.    CONCLUSION....................................................................................... 15

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS
COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal,
556 U.S. 662, 678 (2009)................................................................. 3, 11, 13

Balistreri v. Pacifica Police Dept.,
901 F.2d 696, 699 (9th Cir. 1988)................................................................ 2

Bell Atlantic Corporation v. Twombly,
550 U.S. 544 (2007)..................................................................... 2, 3, 4, 11

Bennett v. City of Slidell,
728 F.2d 762 (5th Cir. 1984)........................................................................ 12

Brosseau v. Haugen,
543 U.S. 194, 197-98 (2004)......................................................................... 7

Buckey v. County of Los Angeles,
968 F.2d 791 (9th Cir. 1992........................................................................ 1

Chiplin Enter. v. City of Lebanon,
712 F.2d 1524, 1526 (1st Cir.1983)............................................................... 2

City of Los Angeles v. David,
538 U.S. 715, 717-719, 123 S. Ct. 1895, 155 L. Ed. 2d 946 (2003) ..................... 10

Davis v. Ellensburg,
869 F.2d 1230 (9th Cir. 1989)..................................................................... 13

Dougherty v. City of Covina,
654 F.3d 892 (9th Cir. 2011)....................................................................... 13

Dura Pharm., Inc. v. Broudo,
544 U.S. 336, 346 (2005)............................................................................ 4

Edson v. City of Anaheim,
63 Cal. App. 4th 1269, 1272-73 (1998)......................................................... 7

Goichman v. Rheuban Motors, Inc.,
682 F.2d 1320, 1324 (9th Cir. 1982) ....................................................... 9, 10

/ / /

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS
COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Heien v. North Carolina,
574 U.S. 54, 135 S. Ct. 530 (2014) ........................................................................ 6

Illinois v. Gates,
462 U.S. 213, 238 (1983) ......................................................................................... 5

In re Raymond C.,
45 Cal. 4th 303, 86 Cal. Rptr. 3d 110, 196 P.3d 810 (2008) ................................. 6

INS v. Delgado,
466 U.S. 210, 217 (1984) ......................................................................................... 5

Leslie v. City of Sand City, 6
15 F. Supp. 2d 1121, 1125 (N.D. Cal. 2009) ......................................................... 9

Maryland v. Buie,
494 U.S. 325, 330, 110 S. Ct. 1093, 108 L. Ed. 2d 276 (1990) .............................. 7

Mathews v. Eldridge,
424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) ......................................... 9

McAllister v. S. Coast Air Quality Etc. Dist.,
183 Cal. App. 3d 653, 228 Cal. Rptr. 351 (1986) .................................................. 15

Meehan v. Los Angeles County,
856 F.2d 102 (9th Cir. 1988) .................................................................................. 13

Mir v. Little Co. of Mary Hosp.,
844 F.2d 646, 649 (9th Cir. 1988) ............................................................................ 8

Miranda v. City of Cornelius,
429 F.3d 858, 865 (2005) ......................................................................................... 8

Monell v. Dep't. of Soc. Serv's. of City of New York,
436 U.S. 658, 690 (1978) ............................................................... 11, 12, 13, 15

Rasmussen v. City of Redondo Beach,
No. CV 07-7743-FMC (PLA), 2008 U.S. Dist. LEXIS 115466,
at 3 (C.D. Cal. Aug. 25, 2008) ................................................................................. 8

Resnick v. Hayes,
213 F.3d 443, 447 (9th Cir. 2000) ............................................................................ 4

///

6

*Rodriguez v. City of Modesto,*
535 Fed. Appx. 643, 646 (9th Cir. 2013)............................................................ 13

*Scofield v. Hillsborough,*
862 F.2d 759 (9th Cir. 1988)............................................................................ 10

*Shaghoian v. Aghajani,*
228 F. Supp. 2d 1107, 1109 n. 4 (C.D. Cal. 2002) ............................................ 8

*Sims v. Lee,*
2013 U.S. Dist. LEXIS 144283, 22-23 ............................................................. 9

*Soffer v. City of Costa Mesa,*
798 F.2d 361, 362-363 (9th Cir. 1986) ............................................................ 10

*Stanley v. Goodwin,*
475 F. Supp. 2d 1026, 1038 (D. Haw. 2006)..................................................... 14

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
551 U.S. 308, 319 (2007).................................................................................. 4

*Terry v. Ohio,*
392 U.S. 1, 30 (1968)....................................................................................... 5

*United States v. Cartwright,*
630 F.3d 610, 616 (7th Cir. 2010)..................................................................... 9

*United States v. James Daniel Good Real Prop.,*
510 U.S. 43, 46, 114 S. Ct. 492, 497 (1993)..................................................... 10

*United States v. Montoya de Hernandez,*
473 U.S. 531, 541, 544 (1985) ......................................................................... 6

*United States v. Sokolow,*
490 U.S. 1, 7 (1989)......................................................................................... 6

*Via v. City of Fairfield,*
833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011)............................................ 13, 14

*Weisbuch v. County of Los Angeles,*
119 F.3d 778, 783 (9th Cir. 1997)..................................................................... 2

///

///

7

Wilson ex rel. Bevard v. City of W. Sacramento,
No. CIV. 2:13-2550 WBS, 2014 WL 1616450,
at *1 (E.D. Cal. Apr. 22, 2014) .............................................................................. 13

**Statutes**

42 U.S.C. § 1981 ..................................................................................................... 2

42 U.S.C. § 1983 ................................................................................... 2, 11, 12, 13

Cal. Gov't Code § 818 .......................................................................................... 15

Cal. Veh. Code § 22651 (o)(1)(A) .......................................................................... 8

Cal. Veh. Code § 22852 ..................................................................................... 9, 10

Cal. Veh. Code § 4000 (a) ....................................................................................... 6

Cal. Veh. Code § 4000 (a) (1) ................................................................................. 7

Cal. Veh. Code § 4456 ....................................................................................... 1, 7

Cal. Veh. Code § 4456 (c) .................................................................................. 7, 8

Cal. Veh. Code § 5901 (a) .................................................................................... 11

Cal. Veh. Code §16028(a) ...................................................................................... 1

Fed. R. Civ. P. Rule 8 ....................................................................................... 3, 4

Fed. R. Civ. P. Rule 8(a)(2) ................................................................................... 3

Fed. R. Civ. P. Rule 12(b)(6) ......................................................................... 2, 4, 5

Fed. R. Civ. P. Rule 12(e) ...................................................................................... 5

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS
COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

1           **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.   INTRODUCTION**

3       Plaintiff, JANE MURRAY, has filed the instant lawsuit due to an alleged

4 encounter with City of Fountain Valley Police Sergeant Mike Parsons on June 18,

5 2018.  According to Plaintiff's Complaint she was pulled over for illegally parking

6 outside a 7-11 convenience store.  Compl. ¶ 11.  Sergeant Parsons asked the

7 Plaintiff and her passenger for their licenses, proof of insurance, and registration.

8 The Plaintiff presented Sergeant Parsons with a valid license but did not have

9 proof of insurance or registration.  Plaintiff asserts she had purchased the vehicle a

10 few months prior from a licensed dealership on April 28, 2018 but the vehicles

11 registration had expired in August 2017.  Compl. ¶ 14.  Sergeant Parsons informed

12 the Plaintiff without valid insurance and registration the vehicle would be

13 impounded.  Plaintiff argued with Sergeant Parsons that under Cal. Veh. Code §

14 4456 the dealers notice of sale supersedes any prior license plates and registration

15 for ninety days.  Compl. ¶ 14.  Sergeant Parsons determined this vehicle code was

16 not applicable to the Plaintiff and impounded her vehicle.  The Plaintiff was also

17 cited for failure to provide proof of financial responsibility under Cal. Veh. Code

18 §16028(a).

19       As a result of the above described event, Plaintiff asserts a number of claims

20 against the City of Fountain Valley, FVPD Sergeant Parsons, and Chief Kevin

21 Childes.  These claims include allegations of excessive force, violations of the

22 plaintiff's procedural due process rights; unconstitutional seizure of her person;

23 unconstitutional seizure of her vehicle and a presumed Monell claim against all

24 defendants, including Sergeant Parsons.  It is the Defendant's position that as

25 colorfully stated by the Ninth Circuit in Buckey v. County of Los Angeles, 968

26 F.2d 791 (9th Cir. 1992), the Plaintiff's "vague and conclusory complaint" in this

27 action "'aims in the general direction of the federal Constitution with buckshot'

28

1  [and] cannot survive a motion to dismiss." Id. at 794, citing Chiplin Enter. v. City
2  of Lebanon, 712 F.2d 1524, 1526 (1st Cir.1983).

3  **II.     PLAINTIFF'S CLAIMS**

4        The Civil Rights Complaint by the Plaintiff does not have clearly identified
5  claims, nor is it clearly identified which claims are against which Defendants,
6  however, from what the Defendant is able to ascertain the Plaintiff asserts the
7  following five claims against all Defendants:

8        (1)     42 U.S.C. § 1983 – Wrongful Seizure of her person in violation of the
9  Fourth and Fourteenth Amendments.

10       (2)     42 U.S.C. § 1983 – 42 U.S.C. § 1983 – Excessive Force in violation
11  of the Fourth and Fourteenth Amendments.

12       (3)     42 U.S.C. § 1983 – Wrongful Seizure of her vehicle in violation of the
13  Fourth and Fourteenth Amendments.

14       (4)     42 U.S.C. § 1983 – Deprivation of the Right to Procedural Due
15  Process under the Fourteenth Amendment.

16       (5)     42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices,
17  Customs, Training, and Supervision in violation of the Fourth and Fourteenth
18  Amendments and in violation of 42 U.S.C. § 1981

19  **III.    LEGAL STANDARD ON MOTION TO DISMISS**

20       Federal Rules of Civil Procedure, Rule 12(b)(6) authorizes a motion to
21  dismiss a claim where a Complaint fails to state facts sufficient to support a claim
22  upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  A motion to dismiss
23  under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal
24  theory" or "the absence of sufficient facts alleged under a cognizable legal theory."
25  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988); Weisbuch v.
26  County of Los Angeles, 119 F.3d 778, 783 (9th Cir. 1997).

27       In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the Supreme
28  Court discussed a motion to dismiss for failure to state a claim in light of Federal

NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS COMPLAINT, OR IN
THE ALTERNATIVE, AN ORDER FOR MORE DEFINITE STATEMENT

1   Rule of Civil Procedure, Rule 8, which requires a "short and plain statement of the
2   claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  In
3   Twombly, the Court recognized that Rule 8 does not require "detailed factual
4   allegations," but it "demands more than an unadorned, the-defendant-unlawfully-
5   harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing
6   Twombly, 550 U.S. at 555). "A pleading that offers labels and conclusions or a
7   formulaic recitation of the elements of a cause of action will not do.  Nor does a
8   complaint suffice if it tenders naked assertion[s] devoid of further factual
9   enhancement." Ashcroft, 556 U.S. at 678 (internal citations and quotations
10  omitted). In Ashcroft v. Iqbal, the Supreme Court discussed at length the two
11  guiding principles established by Twombly:

> First, the tenet that a court must accept as true all of the allegations
> contained in a complaint is inapplicable to legal conclusions.
> Threadbare recitals of the elements of a cause of action, supported
> by mere conclusory statements, do not suffice.  (Although for the
> purposes of a motion to dismiss we must take all of the factual
> allegations in the complaint as true, we "are not bound to accept as
> true a legal conclusion couched as a factual allegation").  Rule 8
> marks a notable and generous departure from the hyper-technical,
> code-pleading regime of a prior era, but it does not unlock the doors
> of discovery for a plaintiff armed with nothing more than
> conclusions.

23  Id. at 678-79 (internal citations omitted).  The second principle enunciated by the
24  Court in Twombly focuses on the plausibility of a claim for relief:

> Second, only a complaint that states a plausible claim for relief
> survives a motion to dismiss.  Determining whether a complaint
> states a plausible claim for relief will . . . be a context-specific task
> that requires the reviewing court to draw on its judicial experience

3

1    and common sense.  But where the well-pleaded facts do not permit

2    the court to infer more than the mere possibility of misconduct, the

3    complaint has alleged—but it has not show[n]—that the pleader is

4    entitled to relief.

5    Id. at 679 (internal citations and quotations omitted).  In other words, the

6  plaintiff's complaint must contain facts that "nudge[] [his] claims . . . across the

7  line from conceivable to plausible."  Id. at 680 (citing Twombly, 550 U.S. at 570).

8  **IV.**    **STATEMENT OF LAW**

9        **A.**    <u>**All of Plaintiff's Claims Are Pled Improperly, And Fail To State**</u>

10           <u>**Facts Sufficient To Support Any Claim Against the Moving**</u>

11           <u>**Defendant.**</u>

12    While *pro se* pleadings are to be construed liberally, <u>Resnick v. Hayes,</u> 213

13  F.3d 443, 447 (9th Cir. 2000), a complaint that fails to provide a "short and plain

14  statement of the claim" pursuant to <u>Federal Rules of Civil Procedure,</u> Rule 8 is

15  nonetheless subject to dismissal for failure to state a claim under Rule 12(b)(6).

16  <u>See Ashcroft,</u> 556 U.S. at 678.  Although Rule 8 "encourages brevity, the

17  complaint must say enough to give the defendant 'fair notice of what the plaintiff's

18  claim is and the grounds upon which it rests.'"  <u>Tellabs, Inc. v. Makor Issues &</u>

19  <u>Rights, Ltd.,</u> 551 U.S. 308, 319 (2007) (quoting <u>Dura Pharm., Inc. v. Broudo,</u> 544

20  U.S. 336, 346 (2005)).

21    A number of the plaintiff's claims here fail to comply with Rule 8.  Indeed,

22  the moving Defendant has no idea what forms the legal basis for many of the

23  Plaintiff's claims.  For example, the Plaintiff's fifth claim for damages states in full

24  "Ms. Murray filed a claim with the City Clerk on June 25, 2018 asking for return

25  of her vehicle.  The claim was denied on July 8, 2018.  Ms. Murray filed a second

26  claim with the City Clerk on [illegible] that claim was not acknowledged at all.

27  The City of Fountain Valley was made aware of the situation and the City's failure

28  to uphold the law and correct the situation, contributed to filing of this lawsuit."

1  Compl. ¶ 19.   This claim is completely unrecognizable.  No law is cited and no
2  facts regarding the incident itself are given.  Rather, the Plaintiff recites her
3  experience filing a government claim and labels it as a cause of action.  In
4  Plaintiff's Second Claim she states, "the duration of the traffic stop was excessive,
5  thus creating another violation of Ms. Murray's civil rights." Compl. ¶ 13.
6  Plaintiff fails to elaborate on what civil right she is claiming to be violated and
7  whether this is an excessive force claim or some other legal theory, leaving the
8  Defendant to speculate as the nature or her claim.  Therefore, if the Court is not
9  inclined to dismiss plaintiff's claims on this basis pursuant to Rule 12(b)(6), it is
10  respectfully requested that the plaintiff be ordered to provide a more definite
11  statement pursuant to Rule 12(e).  See FED. R. CIV. P. 12(e) ("If a pleading to
12  which a responsive pleading is permitted is so vague or ambiguous that a party
13  cannot reasonably be required to frame a responsive pleading, the party may move
14  for a more definite statement before interposing a responsive pleading.").

### B.   Plaintiff Has Not Plead Sufficient Facts To Warrant Relief Under Her First Claim Alleging An Illegal Seizure of Her Person.

17  It is well established that Officers are entitled to conduct an investigative
18  stop, or a detain a suspect so long as there is reasonable suspicion "supported by
19  articulable facts that criminal activity 'may be afoot,' even if the officer lacks
20  probable cause." Terry v. Ohio, 392 U.S. 1, 30 (1968).  Furthermore, "The officer,
21  of course, must be able to articulate something more than an 'inchoate and
22  unparticularized suspicion' or 'hunch.'" Terry v. Ohio, 392 U.S. at 27.  The Fourth
23  Amendment requires "some minimal level of objective justification" for making
24  the stop. INS v. Delgado, 466 U.S. 210, 217 (1984).  That level of suspicion is
25  considerably less than proof of wrongdoing by a preponderance of the evidence.
26  Probable cause has been held to constitute "a fair probability that contraband or
27  evidence of a crime will be found," Illinois v. Gates, 462 U.S. 213, 238 (1983),
28  and the level of suspicion required for a Terry stop is obviously less demanding

1    than that required for probable cause. See United States v. Montoya de Hernandez,

2    473 U.S. 531, 541, 544 (1985); United States v. Sokolow, 490 U.S. 1, 7 (1989).

3        Plaintiff alleges that the Defendant Officer violated her "Fourth Amendment

4    right to be free of unwarranted searches and seizures." Compl. ¶ 12. In her first

5    Complaint she states she was pulled over "because her vehicle had been illegally

6    parked in a 7-11 parking lot. Which she was not. Sgt. Parsons suspicion of a

7    violation of the law was based on his unreasonable mistake of law." Compl. ¶ 12.

8    However, under the Fourth Amendment, reasonable suspicion can rest on a

9    mistaken understanding of the scope of a legal prohibition. See Heien v. North

10    Carolina, 574 U.S. 54, 135 S. Ct. 530 (2014). Plaintiff fails to state why this

11    mistake was unreasonable or any facts surrounding where she was parked. Other

12    than stating she was parked outside a 7-11, the Plaintiff does not state whether she

13    was driveway, a marked space, alley, or even which 7-11 store this took place at or

14    what the alleged parking violation was. Rather, she just abruptly comes to the

15    conclusion it was an "unreasonable mistake of law" with no other facts to support

16    such a claim.

17        Most significantly though, Plaintiff's own claim establishes that Sergeant

18    Parsons had reasonable suspicion to conduct a traffic stop. Plaintiff states, "the

19    vehicle's registration had expired August 2017 and the plates on the vehicle

20    reflected that fact." Compl. ¶ 14. Regardless of whether Plaintiff believes she had

21    an exception to valid registration, her registration was in fact expired, and her

22    plates reflected that, which is in violation of Cal. Veh. Code § 4000(a). Thus, by

23    Plaintiff's own pleading Sergeant Parsons had reasonable suspicion to stop her

24    vehicle on suspicion that she was in violation of Cal. Veh. Code § 4000(a). See In

25    re Raymond C., 45 Cal. 4th 303, 86 Cal. Rptr. 3d 110, 196 P.3d 810 (2008)

26    (finding an Officer who pulled an individual over for a license plate violation still

27    had reasonable suspicion to conduct the stop even though he did not see the

28    temporary operating permit in the front window.)

6

NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS COMPLAINT, OR IN
THE ALTERNATIVE, AN ORDER FOR MORE DEFINITE STATEMENT

1
2

**C.**   **The Plaintiff's Second Claim For Excessive Force Is Subject To Dismissal.**

3   Police officers in California may use reasonable force to make an arrest,
4   prevent escape, overcome resistance, and in self-defense or defense of others.  See
5   Brosseau v. Haugen, 543 U.S. 194, 197-98 (2004); Edson v. City of Anaheim, 63
6   Cal. App. 4th 1269, 1272-73 (1998).  Here, the Plaintiff has not directly alleged
7   that any physical force was used against her whatsoever by the Defendant Officer.
8   In fact, the only allegation of force is described as "Ms. Murray was detained and
9   forced to remain in her vehicle until she was released 56 minutes later" and "Ms.
10   Murray, her passenger, nor her vehicle were ever searched." Compl. ¶ 13. Quite
11   simply, there are no allegations that the Defendant Officer ever laid a hand on her
12   and this claim should be dismissed.

13
14

**D.**   **Plaintiff Has Not Plead Sufficient Facts To Warrant Relief Under Her Third Claim Alleging An Illegal Seizure of Her Vehicle.**

15   Under the Fourth Amendment, an officer may lawfully seize property which
16   is in plain view and which the office had probable cause to believe was evidence of
17   a crime.  Maryland v. Buie, 494 U.S. 325, 330, 110 S. Ct. 1093, 108 L. Ed. 2d 276
18   (1990).  Under Cal. Veh. Code § 4000 (a) (1)  "A person shall not drive, move, or
19   leave standing upon a highway…any motor vehicle…unless it is registered and the
20   appropriate fees have been paid…" Plaintiff's Complaint concedes the registration
21   on her vehicle was expired but states that the "dealer had attached a temporary
22   registration document to the lower passenger side of the vehicles windshield, as
23   required by California Vehicle Code 4456." Compl. ¶ 14. Cal. Veh. Code § 4456
24   (c) states, "a vehicle displaying a copy of the report of sale may be operated
25   without a license plates of registration card until either of the following, whichever
26   occurs first: (1) the license plates and registration card are received by the
27   purchaser.  (2) A 90-day period, commencing with the date of sale of the vehicle,
28   has expired."

NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS COMPLAINT, OR IN
THE ALTERNATIVE, AN ORDER FOR MORE DEFINITE STATEMENT

1          Defendant respectfully requests the Court take judicial notice of the

2 Department of Motor Vehicles ("DMV") vehicle history ("Exhibit A") generated

3 on June 18, 2018 which shows that the last registered release of liability, was

4 February 20, 2018.[1]  The statute Plaintiff cites only allows for a dealer's notice of

5 sale to be used as registration for ninety days and according to DMV records

6 Plaintiff's vehicle was sold February 20, 2018, this would allow the Plaintiff to

7 drive without registration until May 20, 2018.  Plaintiff was pulled over by

8 Sergeant Parsons on June 18, 2018, well after the ninety-day time frame allotted by

9 Cal. Veh. Code § 4456 (c).

10          Since Plaintiff's registration was expired, and the exception in Cal. Veh.

11 Code § 4456 (c) did not apply, Sergeant Parsons was authorized to seize Plaintiff's

12 vehicle for impound under Cal. Veh. Code § 22651 (o)(1)(A) which allows an

13 officer to impound a vehicle operating without valid registration in excess of six

14 months.  Although Defendant asserts per DMV records (Exhibit A) the Plaintiff's

15 registration actually expired on April 30, 2017, even taking Plaintiff's Complaint

16 as true and assuming the registration expired in August 2017, that means the

17 vehicle did not have valid registration for ten months.  Thus, with no valid

18 registration for ten months Sergeant Parsons impounded Plaintiff's vehicle

19 lawfully under the Fourth Amendment pursuant to Cal. Veh. Code § 22651

20 (o)(1)(A).  See Miranda v. City of Cornelius, 429 F.3d 858, 865 (2005) ("The

21

22 _____

[1] See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (for

23 purposes of a motion to dismiss, it is proper for a district court to "take judicial

24 notice of matters of public record outside the pleadings"); Shaghoian v. Aghajani,

25 228 F. Supp. 2d 1107, 1109 n. 4 (C.D. Cal. 2002) and Rasmussen v. City of

26 Redondo Beach, No. CV 07-7743-FMC (PLA), 2008 U.S. Dist. LEXIS 115466, at

27 3 (C.D. Cal. Aug. 25, 2008) (taking judicial notice of DMV records.)

28

NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS COMPLAINT, OR IN
THE ALTERNATIVE, AN ORDER FOR MORE DEFINITE STATEMENT

1  violation of a traffic regulation justifies impoundment of a vehicle if the driver is

2  unable to remove the vehicle from a public location without continuing its illegal

3  operation."); Leslie v. City of Sand City, 615 F. Supp. 2d 1121, 1125 (N.D. Cal.

4  2009)   (stating that "if allowing a driver to remove a vehicle would result in

5  violation of a traffic regulation, impoundment of a vehicle is reasonable" under

6  the Fourth Amendment); see also Sims v. Lee, 2013 U.S. Dist. LEXIS 144283, 22-

7  23 citing United States v. Cartwright, 630 F.3d 610, 616 (7th Cir.

8  2010) (upholding the impoundment of the defendant's vehicle, based in part on the

9  fact that "no one could have lawfully driven [the] car from the scene").

10      **E.**    **Plaintiff Has Not Plead Sufficient Facts To Warrant Relief Under**

11          **Her Fourth Claim Alleging A Violation of Procedural Due**

12          **Process.**

13        Due process requires that the government follow certain procedures before

14  depriving an individual of property interests. Mathews v. Eldridge, 424 U.S. 319,

15  332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). To determine what procedures are

16  required, courts balance (1) the private interest; (2) the risk of erroneous

17  deprivation of this interest through the process used, including an assessment of

18  the probable value of additional or substitute procedural safeguards; and (3) the

19  government's interest, including the financial and administrative burdens of

20  different procedural requirements. Mathews, 424 U.S. at 334; Goichman v.

21  Rheuban Motors, Inc., 682 F.2d 1320, 1324 (9th Cir. 1982).  By weighing these

22  concerns, courts determine whether a state has satisfied due process "the

23  opportunity to be heard at a meaningful time and at in a meaningful manner."

24  Mathews, 424 U.S. at 333 (internal quotations omitted).

25        Cal. Veh. Code § 22852 provides any owner whose vehicle has been subject

26  to storage by a member of a public agency "with the opportunity for a poststorage

27  hearing to determine the validity of the storage."  The statute has been held to

28  satisfy due process requirements.  See Scofield v. Hillsborough, 862 F.2d 759 (9th

9

NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS COMPLAINT, OR IN<br>THE ALTERNATIVE, AN ORDER FOR MORE DEFINITE STATEMENT

1  Cir. 1988) (finding § 22852 satisfies due process concerns where government had
2  an interest in towing unregistered vehicles to "remove them from the public streets,
3  encourage owners to maintain automobile registration, and deter owners form
4  violating state registration laws.")  Further, Constitutional due process guarantees
5  do not require pre-deprivation notice and a hearing before the towing and
6  impoundment from public streets of vehicles for parking or traffic
7  violations. See <u>City of Los Angeles v. David,</u> 538 U.S. 715, 717-719, 123 S. Ct.
8  1895, 155 L. Ed. 2d 946 (2003); <u>Scofield,</u> 862 F.2d at 762; <u>Soffer v. City of Costa</u>
9  <u>Mesa,</u> 798 F.2d 361, 362-363 (9th Cir. 1986).   However, a post-deprivation
10 hearing under <u>Cal. Veh. Code</u> § 22852 may be required.  Id.  Moreover, the
11 hearing process under <u>Cal. Veh. Code</u> § 22852 has been held to be Constitutional.
12 See <u>Goichman v. Rheuban Motors, Inc.,</u> 682 F.2d 1320, 1323-1326 (9th Cir.
13 1982); see also <u>David,</u> 538 U.S. at 717-719.

14         The moving Defendant submits that Plaintiff was not entitled to a post-
15 deprivation hearing because she had no standing.  In order to have standing for a
16 procedural due process claim the Plaintiff must show she had a valid property
17 interest in the property she is to be deprived of.  In this case Plaintiff was not the
18 registered owner of the vehicle and thus, did not have a valid property interest in
19 the vehicle.  See <u>United States v. James Daniel Good Real Prop.,</u> 510 U.S. 43, 46,
20 114 S. Ct. 492, 497 (1993) (Supreme Court affirming requirement that
21 a property owner be notified, and a hearing be held before the forfeiture
22 of property could occur.)

23         The DMV records show that the registered owner of the vehicle Plaintiff
24 was driving on June 18, 2018 was Carol and Brian Herndon. (Exhibit A).  The
25 Plaintiff's name has no attachment to the vehicle whatsoever.  Without a property
26 interest the Plaintiff is not entitled to make a claim for procedural due process as
27 no due process is required to be afforded to her.

28

10

NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS COMPLAINT, OR IN
THE ALTERNATIVE, AN ORDER FOR MORE DEFINITE STATEMENT

1    It is anticipated Plaintiff will argue that she recently purchased the vehicle

2  and that is why she did not show up as the registered owner, however, this

3  assertion is insufficient to demonstrate standing.  If Plaintiff's claim that she

4  purchased the vehicle from a registered dealer on April 28, 2018 is taken as true,

5  per Cal. Veh. Code § 5901 (a) "Every dealer or lessor-retailer, upon transferring

6  by sale, lease, or otherwise any vehicle, whether new or used, of a type subject to

7  registration under this code, **shall**, not later than the end of the fifth calendar day

8  thereafter not counting the day of sale, give notice of the transfer to the department

9  electronically in a manner approved by the department." (emphasis added).  Thus,

10  had the Plaintiff purchased the vehicle from a registered dealer on April 28, 2018,

11  the sale of vehicle was not properly registered within the time frame required,

12  leaving her with no proof that she was the owner of the vehicle.  Although, if true,

13  this would be an unfortunate situation, it is nonetheless a situation of no fault to the

14  City of Fountain Valley, as without proof of ownership the City has no duty to

15  offer the Plaintiff a hearing and the Plaintiff has no standing for a due process

16  claim.

17    **F.    There Is No Evidence To Support The Plaintiff's Claim For**

18         **Entity Liability Under 42 U.S.C. § 1983.**

19    To survive a motion to dismiss, a plaintiff must plead "only enough facts to

20  state a claim to relief that is plausible on its face."  Twombly, 550

21  U.S. at 570.  However, the Supreme Court has held that this "plausibility" standard

22  "asks for more than a sheer possibility that a defendant has acted unlawfully" and

23  "stops short of the line between possibility and plausibility."  Iqbal, 556 U.S. at

24  678 (quoting Twombly, 550 U.S. at 557).

25    A local governmental entity may be sued under 42 U.S.C. Section 1983 **only**

26  where a municipal policy or custom *caused* an alleged violation of constitutional

27  rights.  Monell v. Dep't. of Soc. Serv's. of City of New York, 436 U.S. 658, 690

28  (1978).  A municipality cannot, however, be held liable under Section 1983 "solely

NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS COMPLAINT, OR IN
THE ALTERNATIVE, AN ORDER FOR MORE DEFINITE STATEMENT

1    because it employs a tortfeasor – or, in other words, a municipality cannot be held

2    liable under § 1983 on a respondeat superior theory." Id. at 691.  Section 1983

3    liability may be imposed only when a municipal policy or custom is the "moving

4    force" behind a violation of federally protected rights. Id. at 694.  Because there is

5    no *respondeat superior* liability under 42 U.S.C. § 1983, a **public entity** may be

6    held liable only when an explicit or tacit wrongful government **"policy or**

7    **custom"** causes government employees to violate a constitutional right, or, more

8    specifically, "when execution of a government's policy or custom, whether made

9    by its lawmakers or by those whose edicts or acts may fairly be said to represent

10    official policy, inflicts the injury." Monell, 436 U.S. at 690-691, 694.

11         In general, to maintain a civil rights action against a municipal defendant, a

12    plaintiff must establish the existence of a municipal policy and that his injuries are

13    *caused* by that policy. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 690 (1978).

14    A plaintiff may assert the existence of a municipal policy in one of four ways: (1) a

15    formal policy officially endorsed by the municipality; (2) actions taken by the

16    government officials responsible for establishing municipal policies related to the

17    particular deprivation in question; (3) a practice so consistent and widespread that

18    it constitutes a custom or usage sufficient to impute constructive knowledge of the

19    practice to policymaking officials; or (4) a failure by policy makers to train or

20    supervise subordinates. Id.  Although the plaintiff need not show that the

21    municipality had an explicitly stated rule or regulation, **<u>a single incident alleged</u>**

22    **<u>in a Complaint, especially if it involved only actors below the policy-making</u>**

23    **<u>level, does not suffice to show a municipal policy</u>**. Id. [Emphasis added].

24         Liability for improper custom may not be predicated on isolated or sporadic

25    incidents; it must be founded upon practices of sufficient duration, frequency and

26    consistency that the conduct has become a traditional method of carrying out

27    policy. See Bennett v. City of Slidell, 728 F.2d 762 (5th Cir. 1984); Meehan v.

28

NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS COMPLAINT, OR IN
THE ALTERNATIVE, AN ORDER FOR MORE DEFINITE STATEMENT

1  Los Angeles County, 856 F.2d 102 (9th Cir. 1988); Davis v. Ellensburg, 869 F.2d
2  1230 (9th Cir. 1989).

3       When applying the above-stated pleading standard to claims for municipal
4  liability under 42 U.S.C. § 1983 and Monell v. Department of Social Services of
5  City of N.Y., 436 U.S. 658 (1978), "**courts have repeatedly rejected conclusory**
6  **Monell allegations that lack factual content from which one could plausibly**
7  **infer Monell liability**."  Wilson ex rel. Bevard v. City of W. Sacramento, No.
8  CIV. 2:13-2550 WBS, 2014 WL 1616450, at *1 (E.D. Cal. Apr. 22, 2014) (citing
9  Rodriguez v. City of Modesto, 535 Fed. Appx. 643, 646 (9th Cir. 2013)) (emphasis
10  added).

11       Plaintiff's facts in support of this claim are comprised of the following: (1)
12  Plaintiff filed a claim with the City Clerk asking for the return of the vehicle; (2)
13  The City was "made aware of the situation and the City's failure to uphold the law
14  and correct the situation, contributed to the filing of this lawsuit."  Compl. ¶ 19.
15  The Complaint contains no factual allegations about a Fountain Valley policy,
16  custom, or practice or that the City acted pursuant to such a policy.  Rather the
17  Plaintiff states she submitted a government claim, that claim was rejected, and then
18  seemingly comes the conclusion that the City is liable under a Monell theory for
19  that.  This entire "allegation" is conclusory, includes no legal authority and is
20  insufficient to state a viable claim against the City pursuant to 42 U.S.C. § 1983.

21       It is Defendant City of Fountain Valley's position that the Complaint for
22  Damages is devoid of any facts to support a Monell-related claim [under any
23  theory] and that the plaintiff cannot rely solely on legal conclusions and
24  conclusory allegations in order to withstand a dismissal of this claim. See
25  Dougherty v. City of Covina, 654 F.3d 892 (9th Cir. 2011); Via v. City of
26  Fairfield, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (dismissing plaintiff's
27  Monell claim because it was based on conclusory allegations, noting that after
28  Iqbal, "courts have repeatedly rejected such conclusory allegations that lack factual

13

1   content from which one could plausibly infer <u>Monell</u> liability," and collecting

2   cases); <u>Stanley v. Goodwin,</u> 475 F. Supp. 2d 1026, 1038 (D. Haw. 2006)

3   (concluding that plaintiff's "bald allegations" regarding a store's policies were

4   insufficient to support a section 1983 claim in the absence of specific facts

5   showing that the store participated in a practice that deprived individuals of their

6   constitutional rights).

7        Moreover, these courts have also refused to accept the anticipated argument

8   that the need for discovery would override pleading a factual basis for liability

9   under <u>Monell</u>.  In <u>Via</u>, the plaintiff—much like the plaintiffs here—recited the

10  general standards giving rise to municipal liability under section 1983 under the

11  guise of "factual allegations."  The district court addressed the plaintiff's argument

12  that it needed discovery of the City's policies and personnel files to "include any

13  greater detail" by stating the following:

14        This low threshold for pleading a <u>Monell</u> claim, however, cannot

15        survive after the Supreme Court rejected "[t]hreadbare recitals of the

16        elements of a cause of action, supported by mere conclusory

17        statements" in <u>Iqbal.</u>  Since <u>Iqbal,</u> courts have repeatedly rejected such

18        conclusory allegations that lack factual content from which one could

19        plausibly infer <u>Monell</u> liability.  <u>See e.g.,</u> Palermo v. Town of N.

20        <u>Reading,</u> 370 Fed. Appx. 128, 131 n.4 (10th Cir. 2010) (dismissing a

21        Monell claim when "the complaint as a whole contained no factual

22        assertions whatsoever regarding Town policy").  **Although plaintiff**

23        **may benefit from discovery, the Supreme Court has made it clear**

24        **that threadbare allegations are insufficient to "unlock the doors of**

25        **discovery for a plaintiff armed with nothing more than**

26        **conclusions."**  <u>Id.</u> at 1196 (emphasis added) (citations omitted).

27        Finally, included in Plaintiff's fifth claim Plaintiff requests "punitive

28  damages to be determined by the jury." Compl. ¶ 19.  This request is contrary to

14

NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS COMPLAINT, OR IN
THE ALTERNATIVE, AN ORDER FOR MORE DEFINITE STATEMENT

1  California law and well established case law which states punitive damages against

2  a public entity are not allowed absent a specific statute expressly allowing them.

3  Cal. Gov't Code § 818; McAllister v. S. Coast Air Quality Etc. Dist., 183 Cal. App.

4  3d 653, 228 Cal. Rptr. 351 (1986).  Plaintiff has pled no such statute.  As such, this

5  claim, including the request for punitive damages is subject to dismissal.

6         In sum, the absence of any actual facts to support a Monell claim [under any

7  theory] that was the cause or moving force behind the alleged deprivation of the

8  Plaintiff's constitutional rights, it is respectfully submitted that the Fifth Claim be

9  dismissed with prejudice as to Defendant CITY OF FOUNTAIN VALLEY.

10 **V.      CONCLUSION**

11        Based upon the foregoing, Defendants respectfully request that this Court

12 grant the instant Motion to Dismiss in its entirety, without affording the Plaintiff

13 leave to amend.  Alternatively, the moving parties would request a more definite

14 statement.

15 DATED: January 31, 2020        CARPENTER, ROTHANS & DUMONT LLP

16

17                                              *Caylin W. Jones*

18                              By:    _____

19                                     MARK RUTTER
                                       CAYLIN W. JONES
20                                     Attorneys for Defendant, CITY OF
                                       FOUNTAIN VALLEY, a public entity.

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS COMPLAINT, OR IN
THE ALTERNATIVE, AN ORDER FOR MORE DEFINITE STATEMENT

# **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within entitled action. My business address is 500 South Grand Avenue, 19th Floor, Los Angeles, California 90014.

On January 31, 2020 I served the foregoing document(s) described as:

**DEFENDANT CITY OF FOUNTAIN VALLEY'S NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

> Jane M. Murray
> 17200 Newhope Street #328-B
> Fountain Valley, CA 92708

☒ (BY U.S. MAIL) I enclosed the document(s) in an a sealed envelope addressed to the person(s) indicated on the attached Service List. I placed the envelope for collection and mailing, following ordinary business practices. I am readily familiar with the firm's business practice fo collecting and processing envelopes for mailing. The envelopes was deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 31 2020, at Los Angeles, California.

_____
Lynn Gandi

16
NOTICE OF MOTION AND MOTION TO DISMISS CIVIL RIGHTS COMPLAINT, OR IN
THE ALTERNATIVE, AN ORDER FOR MORE DEFINITE STATEMENT