1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE M. MURRAY, | Case No. 8:19-cv-0768-GW-JC |
| Plaintiff, | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| v. | [DOCKET NO. 14] |
| CITY OF FOUNTAIN VALLEY POLICE SGT. MIKE PARSONS, et al., | |
| Defendants. | |

This Report and Recommendation is submitted to the Honorable George H. Wu, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.    SUMMARY**

On April 26, 2019, plaintiff Jane M. Murray, who is at liberty, is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Complaint" or Comp.") pursuant to 42 U.S.C. § 1983 ("Section 1983") against (1) the City of Fountain Valley (the "City"); (2) the City's Police Chief Kevin Childes in his official capacity; and (3) Fountain Valley Police

Sergeant Mike Parsons in both his individual and official capacities.  (Comp. at 1, 3-4).  Plaintiff's Complaint asserts five causes of action relating to a traffic stop and the impound of her vehicle and seeks compensatory and punitive damages. (Complaint at 5-10).

On January 31, 2020, the City filed a Motion to Dismiss ("Motion to Dismiss"), with an accompanying Memorandum of Points and Authorities ("Mot. Mem.") and Request for Judicial Notice (alternatively, "Request") and seeks, among other relief, dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim without leave to amend and dismissal of the request for punitive damages.[1]  On February 11, 2020, Plaintiff filed an Opposition to the Motion to Dismiss (alternatively, "Opp.") and Objections to the Request ("Obj."). The City filed a Reply on February 18, 2020.

Based upon the record and the applicable law, and for the reasons discussed below:  (1) the Request should be denied; (2) the Motion to Dismiss should be granted to the extent it seeks dismissal of the Complaint and punitive damages request as against the City (and as against the individual defendants in their official capacities as to which the City is effectively alleged to be the real party in interest);[2] (3) the Complaint should be dismissed as against such defendants with

----

[1]The City alternatively seeks a more definite statement – a request the Court need not address in light of the recommendation herein.

[2]As noted above, plaintiff sued Chief Childes in his official capacity only and Sergeant Parsons in both his individual and official capacities and alleges that they are employed by the City. (Comp. at 4).  As Section 1983 suits against individuals in their official capacities are effectively suits against the governmental entity which employs the individuals (see Kentucky v. Graham, 473 U.S. 159, 166 (1985); Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013)), the Court construes the Motion to Dismiss to be addressed to claims against the City and the individual defendants in their official capacities.  However, as Sergeant Parsons has not appeared in this action in his individual capacity and as there is no indication that the City's attorneys are representing him in such capacity, the Court herein addresses only whether plaintiff has stated a claim for relief against the City and the individual defendants in their official capacities.

leave to amend except as to the punitive damages request which should be dismissed with prejudice; and (4) plaintiff should be granted leave to file an amended complaint, except as to the punitive damages request.

## II.   THE COMPLAINT

Plaintiff alleges she is a long-time Fountain Valley resident who has been a licensed driver since 1979 and at all relevant times had – and still has – a valid California driver's license.  (Comp. at 7).  She has never been arrested or had a traffic ticket or an at-fault accident.  (Comp. at 7).

On April 28, 2018, plaintiff purchased a vehicle from a "California licensed used car dealer."  (Comp. at 6).  The vehicle's registration had expired in August 2017, and the vehicle's license plates reflected that fact.  (Comp. at 6).  At the time of purchase, the dealer attached a temporary registration document to the vehicle's windshield in compliance with Cal. Veh. Code § 4456.[3]  (Comp. at 6-7).

Plaintiff asserts that on June 18, 2018, she was driving her vehicle when Sergeant Parsons stopped her, allegedly because she had been illegally parked in a 7-11 parking lot.  (Comp. at 5).  Since plaintiff's car was not illegally parked, she believes the traffic stop was initiated because of the appearance of her vehicle, which caused Sergeant Parsons to assume plaintiff "was in violation of something" and initiate the traffic stop.  (Comp. at 5).  In Claim One, plaintiff alleges the traffic stop violated her Fourth Amendment right to be free from unwarranted searches and seizures.  (Comp. at 5-6).

_____

[3]At the time of the vehicle stop, Cal. Veh. Code § 4456 provided, in pertinent part:

(c)  A vehicle displaying a copy of the report of sale may be operated without license plates or registration card until either of the following, whichever occurs first: [¶] (1) The license plates and registration card are received by the purchaser [or] [¶] (2) A 90-day period, commencing with the date of sale of the vehicle, has expired.

Cal. Veh. Code § 4456(c) (2018).

1    In Claim Two, plaintiff alleges that the duration of the traffic stop, which

2    lasted for almost one hour, was excessive in violation of her Fourth Amendment

3    rights.[4]  (Comp. at 6-7).

4    In Claim Three, plaintiff contends that when Sergeant Parsons stopped her

5    vehicle, she informed him about the temporary registration and Sergeant Parsons

6    asked a co-worker to verify this information.  (Comp. at 7).  Although the co-

7    worker verified plaintiff was correct, Sergeant Parsons still impounded plaintiff's

8    car, which violated her Fourth Amendment rights.  (Comp. at 7).

9    In Claim Four, plaintiff asserts that on June 22, 2018, she went to the City of

10   Fountain Valley Police Department to address the unlawful impounding of her

11   vehicle, and spoke to someone in dispatch.  (Comp. at 8).  The next day, she called

12   and spoke with a desk officer.  (Comp. at 8).  On June 25, 2018, she returned to the

13   Police Department and spoke to the records department.  (Comp. at 8).  Each time,

14   she was told the officer who impounded her vehicle was the only person who could

15   redress her complaints and he was unavailable.  (Comp. at 8).  Plaintiff alleges this

16   failure to redress her complaint and deprived her of her due process "right to be

17   heard and the right to a non-bias[ed] tribunal or decision maker."  (Comp. at 8).

18   Plaintiff also asserts that since "3 different police personnel, in 3 different

19   divisions, on 3 different days all stated the same procedural process[,] it is

20   reasonable to believe that the 3 employees were following department policy[,]"

21

22   [4]Plaintiff alleges both she and Sergeant Parsons were in the 7-11. (Comp. at 6).  She
23   assertedly left the store at 2:39 p.m. and Sergeant Parsons followed her. (Comp. at 6).  Sergeant
     Parsons allegedly initiated the traffic stop at 2:42 p.m. and detained her inside her vehicle until
24   she was released at 3:39 p.m. (Comp. at 6).  While plaintiff alleges that she was "forced to
     remain in her vehicle until she was released 56 minutes later at 3:39 p.m.," the Court, unlike the
25   City (see Mot. Mem. at 2, 7), construes Claim Two to be an excessive detention, as opposed to
     an excessive force claim.  See Berkemer v. McCarty, 468 U.S. 420, 437 (1984) ("[D]etention of
26   a motorist pursuant to a traffic stop is presumptively temporary and brief.  The vast majority of
     roadside detentions last only a few minutes."); Florida v. Royer, 460 U.S. 491, 500 (1983) (An
27   "investigative detention must be temporary and last no longer than is necessary to effectuate the
28   purpose of the stop.").

4

and Chief Childes is responsible for enforcing adherence to departmental policies and training.  (Comp. at 8).

In Claim Five, plaintiff alleges she filed a claim on June 25, 2018, asking for the return of her vehicle, which was denied on July 8, 2018.  (Comp. at 9).  Thereafter, she filed a second claim with the City Clerk, which was not acknowledged at all.  (Comp. at 9).  Plaintiff alleges the City was made aware of the situation, but failed to uphold the law.  (Comp. at 9).

Plaintiff seeks compensatory and punitive damages to remedy the alleged constitutional violations.  (Comp. at 9).

## III.   GOVERNING LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678; Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013).  Although plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678, "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555 & n.3; see also Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013) ("Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also [the] grounds on which the claim rests.'" (citation omitted)).

///

1    In considering whether to dismiss a complaint, the Court must accept the

2    factual allegations of the complaint as true,[5] <u>Wood v. Moss</u>, 572 U.S. 744, 755 n.5

3    (2014); <u>Erickson</u>, 551 U.S. at 93-94, construe the pleading in the light most

4    favorable to the pleading party, and resolve all doubts in the pleader's favor.

5    <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969); <u>Berg v. Popham</u>, 412 F.3d 1122,

6    1125 (9th Cir. 2005). *Pro se* pleadings are "to be liberally construed" and are held

7    to a less stringent standard than those drafted by a lawyer. <u>Erickson</u>, 551 U.S. at

8    94; <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam); <u>see also</u> <u>Hebbe v.</u>

9    <u>Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) ("<u>Iqbal</u> incorporated the <u>Twombly</u>

10   pleading standard and <u>Twombly</u> did not alter courts' treatment of pro se filings;

11   accordingly, we continue to construe pro se filings liberally when evaluating them

12   under <u>Iqbal</u>."). Dismissal for failure to state a claim can be warranted based on

13   either the lack of a cognizable legal theory or the absence of factual support for a

14   cognizable legal theory. <u>See</u> <u>Taylor v. Yee</u>, 780 F.3d 928, 935 (9th Cir. 2015), <u>cert.</u>

15   <u>denied</u>, 136 S. Ct. 929 (2016); <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d

16   1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state

17   a claim if it discloses some fact or complete defense that will necessarily defeat the

18   claim. <u>See</u> <u>Rivera v. Peri & Sons Farms, Inc.</u>, 735 F.3d 892, 902 (9th Cir. 2013),

19   <u>cert. denied</u>, 573 U.S. 916 (2014).

20   In general, courts consider only the contents of a complaint when evaluating

21   a motion to dismiss. <u>United States v. Corinthian Colleges</u>, 655 F.3d 984, 998-99

22

23

24   [5]"[T]he tenet that a court must accept as true all of the allegations contained in a
     complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

25   action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678;
     <u>Yagman v. Garcetti</u>, 852 F.3d 859, 863 (9th Cir. 2017). Likewise, the Court "need not accept as

26   true allegations contradicting documents that are referenced in the complaint or that are properly
     subject to judicial notice." <u>Lazy Y Ranch Ltd. v. Behrens</u>, 546 F.3d 580, 588 (9th Cir. 2006);

27   <u>Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC</u>, 733 F.3d 1251, 1254 (9th Cir.

28   2013).

1   (9th Cir. 2011) (citation omitted).  However, in certain circumstances a court may
2   consider documents attached to the complaint (or upon which the complaint
3   "necessarily relies") as well as judicially noticed matters of public record.  Id. at
4   999 (citations omitted).  A court may also consider factual allegations outside of
5   the complaint when determining whether to grant leave to amend after a motion to
6   dismiss is granted.  See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

7       If a *pro se* complaint is dismissed because it does not state a viable claim, the
8   court must freely grant "leave to amend" if it is "at all possible" that the plaintiff
9   could fix the identified pleading errors by alleging different or new facts.  Cafasso
10  v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011)
11  (citation omitted); Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en
12  banc) (citations and internal quotation marks omitted).  Nonetheless, courts have
13  the discretion to deny leave to amend in cases of undue delay, bad faith, undue
14  prejudice to the opposing party, and futility.  See Foman v. Davis, 371 U.S. 178,
15  182 (1962); Cafasso, 637 F.3d at 1058 (citations omitted).

16  **IV.   DISCUSSION**

17      **A.     The City's Request for Judicial Notice Should Be Denied**

18      The City requests that the Court take judicial notice of a document (Motion
19  to Dismiss, Exhibit A; Reply Exhibit A), which it describes as "the Department of
20  Motor Vehicle ('DMV') vehicle history . . . generated on June 18, 2018 which
21  shows that the last registered release of liability[] was February 20, 2018."  (Mot.
22  Mem. at 8).  Plaintiff objects to the Request arguing that the document is
23  incomplete, irrelevant, and contradicts on-scene audio recordings.[6]  (Obj. at 1-2).

24      Pursuant to Fed. R. Evid. 201, judicial notice can be taken of an adjudicative
25  fact "not subject to reasonable dispute" because it "is generally known within the

26  _____

27      [6]Plaintiff is correct that the document attached to the Motion to Dismiss is incomplete.
    (see Motion to Dismiss, Exhibit A), but the City corrected this defect by attaching the purported
28  second page of the document to its Reply (see Reply, Exhibit A).

                                        7

1  trial court's territorial jurisdiction" or it "can be accurately and readily determined
2  from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.
3  201(b); Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018),
4  cert. denied, 139 S. Ct. 2615 (2019). "Accordingly, '[a] court may take judicial
5  notice of matters of public record without converting a motion to dismiss into a
6  motion for summary judgment.'" Khoja, 899 F.3d at 999 (citation omitted); see
7  also In re Icenhower, 755 F.3d 1130, 1142 (9th Cir. 2014) ("Judicial notice may be
8  taken 'at any stage of the proceeding.'" (quoting Fed. R. Evid. 201(d))). "But a
9  court cannot take judicial notice of disputed facts contained in such public
10  records." Khoja, 899 F.3d at 999. Moreover, a court "may take judicial notice on
11  its own" but "must take judicial notice if a party requests it and the court is
12  supplied with the necessary information." Fed. R. Evid. 201(c).

13       The City, as "[t]he party requesting judicial notice[,] bears the burden of
14  persuading the court that the particular fact is not reasonably subject to dispute and
15  is capable of immediate and accurate determination by resort to a source 'whose
16  accuracy cannot reasonably be questioned.'" Newman v. San Joaquin Delta
17  Comty. Coll. Dist., 272 F.R.D. 505, 516 (E.D. Cal. 2011) (citation omitted);
18  Wilkins v. Ramirez, 455 F. Supp. 2d 1080, 1112 (S.D. Cal. 2006). The City has
19  not met its burden. While it might be appropriate to take judicial notice of DMV
20  documents in some circumstances, see, e.g., Shaghoian v. Aghajani, 228 F. Supp.
21  2d 1107, 1109 n.4 (C.D. Cal. 2002), the City has not provided the Court with the
22  information necessary to take judicial notice of the requested documents. The City
23  has simply attached a printout to its Motion to Dismiss and called it a DMV record,
24  but nothing on the printout itself establishes it is a DMV record, and the City has
25  not authenticated it.[7]  See Fed. R. Evid. 901-02; see also Madeja v. Olympic

---

[7]In contrast, the Shaghoian court took judicial notice of "certified copies" of DMV
documents. Shaghoian, 228 F. Supp. 2d at 1109 n.4; see also Fed. R. Evid. 902(4).

1  Packers, LLC, 310 F.3d 628, 639 (9th Cir. 2002) (district court properly declined to

2  take judicial notice of unauthenticated documents).  Moreover, even if the City had

3  authenticated the document in question, it has not established its relevance to the

4  pending Motion to Dismiss.  While the document purports to set forth, among other

5  things, a license plate number and vehicle identification number for a certain

6  vehicle, nothing in the Complaint correlates this information with the vehicle that

7  is the subject of the Complaint.[8]  For this reason, as well, the Court declines to take

8  judicial notice of the purported DMV document.[9]  See Santa Monica Nativity

9  Scenes Comm. v. City of Santa Monica, 784 F.3d 1286, 1298 n.6 (9th Cir. 2015)

10  (declining to take judicial notice of irrelevant documents); Santa Monica Food Not

11  Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (same).

12        Accordingly, the City's Request for Judicial Notice should be denied.

13  **B.    Plaintiff Has Failed to State a Claim Against the City and the**

14        **Individual Defendants in Their Official Capacities**

15        As noted above (see supra note 2), a suit against a public employee in his

16  official capacity is equivalent to a claim against the state or local government entity

17  that employs the named individual, Kentucky v. Graham, 473 U.S. 159, 166

18  (1985); Hartmann, 707 F.3d at 1127, which plaintiff asserts is the City.[10]  (Comp. at

19

20        [8]Plaintiff's Complaint states she purchased a vehicle on April 28, 2018 (Comp. at 4), but

21  does not otherwise identify the vehicle by license plate, vehicle identification number or

22  otherwise.  (See Comp. at 1-10).  Therefore, nothing ties the document as to which the City seeks
   judicial notice to the pending Complaint.

23        [9]Despite this lack of correlation, the City argues "[t]he DMV records show that the

24  registered owner of the vehicle [p]laintiff was driving on June 18, 2018 was [not plaintiff].  The
   [p]laintiff's name has no attachment to the vehicle whatsoever."  (Mot. Mem. at 10).  In any

25  event, plaintiff's ownership of the vehicle that was towed – assuming it is the vehicle identified

26  in the purported "DMV records" – is disputed and is not the proper subject of judicial notice.
   Khoja, 899 F.3d at 999.

27

28        [10]Given this uncontested allegation and the recommended dismissal of the Complaint
   with leave to amend, the Court need not, at least at this juncture, consider whether the proper

                                                              (continued...)

                                              9

1  4).  A municipality such as the City may be held liable under Section 1983 only for

2  constitutional violations occurring pursuant to an official government policy or

3  custom.  Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992); Monell

4  v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  However, "a municipality

5  cannot be held liable solely because it employs a tortfeasor – or, in other words, a

6  municipality cannot be held liable under § 1983 on a respondeat superior theory."

7  Monell, 436 U.S. at 692; Board of the Cnty. Comm'rs of Bryan Cnty., Okla. v.

8  Brown, 520 U.S. 397, 403 (1997).  Thus, "[i]n order to hold the [City] liable under

9  § 1983, [plaintiff] must show (1) that [she] possessed a constitutional right of

10  which [she] was deprived; (2) that the [City] had a policy; (3) that the policy

11  amounts to deliberate indifference to [plaintiff's] constitutional right; and (4) that

12  the policy is the 'moving force behind the constitutional violation.'"  Anderson v.

13  Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation

14  marks omitted); Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011),

15  cert. denied, 569 U.S. 904 (2013).  "To meet [the 'moving force'] requirement, the

16  plaintiff must show both causation-in-fact and proximate causation."  Gravelet-

17  Blondin v. Shelton, 728 F.3d 1086, 1096 (9th Cir. 2013), cert. denied, 571 U.S.

18  1199 (2014); see also Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957

19  (9th Cir. 2008) (en banc) ("[T]here must be 'a direct causal link between a

20  municipal policy or custom and the alleged constitutional deprivation.'" (quoting

21  City of Canton v. Harris, 489 U.S. 378, 385 (1989)).  Plaintiff's claims fail to meet

22  these requirements.

23  ///

24

25

26  [10](...continued)
    defendant for plaintiff's official capacity claims is the City or its police department.  See, e.g.,
27  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 n.2 (9th Cir. 1988) ("Municipal
    police departments are 'public entities' under California law and, hence, can be sued in federal
28  court for alleged civil rights violations.").

10

### 1.     Claims One Through Three

Since Claims One through Three identify no City policy responsible for the constitutional violations plaintiff alleges, these claims fail to state a cognizable claim against the City or the individual defendants in their official capacities.  See Fortson v. Los Angeles City Attorney's Office, 852 F.3d 1190, 1195 (9th Cir.) ("Fortson's official-capacity claims against the [police department] fail because he has not sufficiently . . . identified an official policy or custom that was the 'moving force' behind a potential constitutional violation."), cert. denied, 138 S. Ct. 69 (2017); Dougherty, 654 F.3d at 900-01 (affirming dismissal of Monell claim when the plaintiff failed to allege "any facts demonstrating that his constitutional deprivation was the result of a custom or practice of the City of Covina or that the custom or practice was the 'moving force' behind his constitutional deprivation."). Nor is this result changed by the vague statement in the introduction of plaintiff's Complaint alleging that the City "was made aware of the violation of [plaintiff's] civil rights by police department employees" and the City's "failure to intercede has shown [it is] neglecting to uphold federal laws and is deliberately indifferent to civil rights violations by [its] police department."  (Comp. at 2); Iqbal, 556 U.S. at 678; see also Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014) (A "liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss'" (quoting Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992)); AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (Monell claims "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief" (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 566 U.S. 982 (2012)).  Accordingly, as to the City
///

1   (including the individual defendants in their official capacities), Claims One

2   through Three should be dismissed with leave to amend.[11]

3                    **2.    Claim Four**

4          In Claim Four, plaintiff alleges she was denied the "minimal protection[s]"

5   of due process of law – that is, the "right to be heard and the right to a non-bias[ed]

6   tribunal or decision maker" – when between June 22, 2018 and June 25, 2018, she

7   spoke to three different people at the City's police department to address the

8   unlawful impounding of her vehicle, and each person told her the officer who

9   impounded her vehicle was the only person who could redress her complaints and

10  he was unavailable.  (Comp. at 8).  She also alleges that since each of these

11  individuals told her the same thing, it is reasonable to believe these individuals

12  were following department policy, and Chief Childes is responsible for department

13  policy.  (Comp. at 8).  These somewhat vague allegations are insufficient to state a

14  <u>Monell</u> claim against the City or its police department.  While due process requires

15  plaintiff be afforded a prompt post-towing hearing if timely requested, <u>Scofield v.</u>

16  <u>City of Hillsborough</u>, 862 F.2d 759, 764 (9th Cir. 1988), plaintiff does not allege

17  she requested, and was denied, a prompt post-towing hearing.[12]  Nor does she assert

18

19  _____

        [11]As indicated above, the Court may consider factual allegations outside of the complaint
20  when determining whether to grant leave to amend after a motion to dismiss is granted.  <u>See</u>
    <u>Broam</u>, 320 F.3d at 1026 n.2.  Here, the City and plaintiff both proffer factual allegations outside
21  of the Complaint and matters not properly the subject of judicial notice.  <u>See, e.g.</u>, Mot. Mem. at
    1, 5-9; Opp. at 5-13; Reply at 1.  Plaintiff has not previously amended her Complaint, and she
22  should be afforded leave to do so.  <u>See</u> Fed. R. Civ. P. 15(a)(2) (Leave to amend should be freely
    given "when justice so requires.").  In so doing, plaintiff should, among other things, clearly
23  allege which claims are brought against which defendants in which capacity as the current
    Complaint does not do so and accordingly fails to give the defendants fair notice of what claims
24  have been brought against them.  <u>See</u> <u>Erickson</u>, 551 U.S. at 93 (complaint required to give
    defendant fair notice of what claim against defendant is and grounds upon which it rests).
25

26

27      [12]California law provides for post-towing hearings if the owner of the vehicle requests
    such hearing within 10 days, with the hearing to be "conducted within 48 hours of the request,
28                                                                      (continued...)

                                              12

1  that the City has a policy of denying requests for post-towing hearings and that

2  such policy was the moving force behind the alleged constitutional violation.[13]

3  Dougherty, 654 F.3d at 900; Anderson, 451 F.3d at 1070.  Therefore, plaintiff has

4  not stated a viable Monell claim in Claim Four, and this claim should be dismissed

5  as against the City and the individual defendants in their official capacities with

6  leave to amend.

7                      **3.**    **Claim Five**

8       Claim Five, in its entirety, alleges:

9       [Plaintiff] filed a claim with the City Clerk on June 25, 2018 asking

10       for the return of her vehicle.  The claim was denied on July 8, 2018.

11       [She] filed a second claim with the City Clerk . . . that . . . was not

12       acknowledged at all.  The City . . . was made aware of the situation

13       and the City[']s failure to uphold the law and correct the situation[]

14       contributed to the filing of [t]his lawsuit.

15  (Comp. at 9).

16       Among other things, Claim Five fails since plaintiff has not identified any

17  City policy, practice or custom that caused the alleged violation of her

18  constitutional rights.  Fortson, 852 F.3d at 1195; Dougherty, 654 F.3d at 900-01.

19  Indeed, plaintiff merely alleges she filed a claim with the City Clerk that was

20  denied and a second claim that was ignored.  Such vague and conclusory

21  allegations are manifestly insufficient to state a viable Section 1983 claim against

22  the City or the individual defendants in their official capacities.  Iqbal, 556 U.S. at

23  ────────────────

24     [12](...continued)
excluding weekends and holidays."  Cal. Veh. Code § 22852(b-c); Scofield, 862 F.2d at 764.  A

25  due process violation occurs if a post-towing hearing is timely requested, but not timely

26  provided.  Scofield, 862 F.2d at 764.

27     [13]The City cites its Request for Judicial Notice in support of its assertion that plaintiff had
no property interest in the vehicle and no standing to seek a post-tow hearing.  (Mot. Mem. at 10-

28  11).  This argument is rejected for the reasons set forth above.

678; <u>Litmon</u>, 768 F.3d at 1241; <u>AE ex rel. Hernandez</u>, 666 F.3d at 637. Accordingly, Claim Five should be dismissed with leave to amend as against the City and the individual defendants in their official capacities.

### 4. Punitive Damages

Among other remedies, plaintiff requests punitive damages. (Comp. at 9). However, to the extent plaintiff seeks punitive damages against the City (or Chief Childes and Sergeant Parsons in their official capacities), plaintiff's request is dismissed with prejudice because a "municipality is immune from punitive damages under 42 U.S.C. § 1983." <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271 (1981); <u>Howard v. City of Coos Bay</u>, 871 F.3d 1032, 1044 n.9 (9th Cir. 2017); <u>Mitchell v. Dupnik</u>, 75 F.3d 517, 527 (9th Cir. 1996).

## V.   RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Judge issue an Order:

1.     approving and accepting this Report and Recommendation;

2.     denying the Request for Judicial Notice;

3.     granting the Motion to Dismiss to the extent it seeks dismissal of the Complaint and punitive damages request as against the City and the individual defendants in their official capacities;

4.     dismissing the Complaint with leave to amend as against the City and the individual defendants in their official capacities and dismissing the punitive damages request as against such defendants with prejudice;

5.     directing plaintiff, within fourteen (14) days of the date of the District Judge's Order relative to the Report and Recommendation, to do one of the following:

///

///

///

(a)  file a First Amended Complaint which cures the defects set forth herein;[14]

(b) file a Notice of Dismissal which will result in the voluntary dismissal of this action without prejudice; or

(c) file a Notice of Intent to Stand on Complaint, indicating plaintiff's intent to stand on the original Complaint despite the pleading defects set forth herein, which may result in the dismissal of this action in its entirety based upon such defects as against the City and the individual defendants to the extent sued in their official capacities; and

6.     expressly cautioning plaintiff that her failure timely to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Complaint may be deemed plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice as against the City and the individual defendants in their official capacities on the grounds set forth above and/or on the ground that amendment is futile, and/or dismissal of this action with or without prejudice as against all defendants for failure diligently to prosecute and/or for failure to comply with the District Judge's Order.

DATED:  July 27, 2020 _____/s/_____

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

_____

[14]Plaintiff should be advised that any First Amended Complaint must:  (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint – *i.e.*, it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of each claim for relief "showing that [plaintiff] is entitled to relief" (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" and contain factual allegations in clear short, concise, numbered paragraphs, each "limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 8(d)(1), 10(b)); (e) set forth clearly the sequence of events giving rise to the claim(s) for relief; (f) reflect which claims are brought against which defendant(s) in which capacity and allege specifically what each defendant did and how that individual's conduct specifically violated plaintiff's civil rights; and (g) not add defendants or claims that are not related to the claims asserted in the original Complaint.