JANE M. MURRAY
17200 Newhope St., 328B
Fountain Valley, CA 92708
Telephone: (714) 800-0419
E-mail: jmurrayrose@hotmail.com
*Pro se / self-represented plaintiff*

```
FILED
CLERK, U.S. DISTRICT COURT

Sept. 11, 2020

CENTRAL DISTRICT OF CALIFORNIA
BY:      KH           DEPUTY
```

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION - ORANGE COUNTY

| | |
|---|---|
| JANE M. MURRAY,<br><br>    Plaintiff,<br><br>vs.<br><br>MIKE PARSONS, a Police Officer with the City of Fountain Valley Police Department, in his individual capacity;<br><br>KEVIN CHILDES, in his official capacity as the Chief of the City of Fountain Valley Police Department; and<br><br>CITY OF FOUNTAIN VALLEY, a California municipal entity.<br><br>    Defendants. | Case No. SACV19-00768 GV (JC)<br>Magistrate Judge Jacqueline Chooljian<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND PROSPECTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED**<br><br>[42 U.S.C. § 1983] |

Plaintiff alleges:

## 1. INTRODUCTORY CLAIMS

1. Plaintiff JANE M. MURRAY ("MURRAY") suffered damages when she was deprived of her Constitutional civil rights by Fountain Valley Police officer MIKE PARSONS ("PARSONS") who stopped her without probable cause while she was

---

FIRST AMENDED COMPLAINT

2. driving a recently purchased used pick-up truck. Officer PARSONS was apparently irritated by Ms. MURRAY when they walked by each other exiting the adjacent 7-11 moments before while he had the opportunity to notice the unkempt appearance of her used truck that was heavily laden down with personal belongings. PARSONS waited till Ms. MURRAY drove off and then promptly followed and stopped her. He unreasonably detained her for about an hour before towing her vehicle away for an allegedly expired car registration, a violation he admittedly knew was spurious because she was displaying a recent dealer's notice of sale posted in the windshield that gave her 90 days in which to register. Nevertheless, PARSONS seized her vehicle and had it towed away along with all her personal property. The Chief of the Fountain Valley Police Department, KEVIN CHILDS ("CHILDS"), is alleged to have established policies that erect unconstitutional barriers that unfairly turned Ms. MURRAY away repeatedly when she sought an impartial post-towing review hearing in which to contest the illegal seizure of her vehicle by officer PARSONS. Her repeated attempts were repeatedly turned away, and she was informed that they would be futile because only PARSONS could review his own decision to tow, and because they refused to recognize her ownership as official since it was not in the DMV registration but only based upon the dealer's 90 day notice of recent sale. These official policies and customs of indifference and refusal to hear frustrated MURRAY's right to due process which resulted in her property being illegally taken, held, and disposed of by the Fountain Valley Police Department, the on-going fear of which is presently causing plaintiff irreparable injury which must be enjoined. Defendant CITY OF FOUNTAIN VALLEY ("CITY") employs defendant CHILDS and is callously indifferent to the unconstitutional policies he has implemented for their police department, which indifference is demonstrated by the policy being an established custom and them ignoring plaintiff when she complained about it. Plaintiff seeks damages against the defendant PARSON who is sued in his individual capacity, and for prospective and equitable relief against the other defendants sued in their official capacities to end and reform their unlawful policies.

## II. PARTIES

3. Plaintiff, Ms. JANE M. MURRAY ("MURRAY") is an individual, and at all material times herein, a citizen of the United States and a resident of the state of California.

4. Defendant MIKE PARSONS ("PARSONS") is an individual, and at all material times herein, a citizen of the United States and a resident of the state of California. Defendant PARSONS was at all material times herein a uniformed police officer on duty for the Fountain Valley Police Department, located in the County of Orange, California.

5. Defendant KEVIN CHILDES, is sued in his official capacity as the Chief of the Fountain Valley Police Department, a municipal police department for the City of Fountain Valley, California ("CHILDS").

6. At all material times mentioned herein, defendant PARSONS and CHILDES were acting under the color of law, to wit, under color of statues, ordinances, regulations, policies, customs and usages of the state of California, the City of Fountain Valley and its police department.

7. Defendant CITY OF FOUNTAIN VALLEY ("CITY") is a California municipality and the employer of CHILDS within its Fountain Valley Police Department, a part of the municipality.

8. Each Defendant, and those subject to their direction, supervision, and control, has or intentionally will perform, participate in, aide and/or abet in some manner the acts alleged in this complaint, has or will proximately cause the harm alleged herein, and has or will continue to injure the plaintiff irreparably if not enjoined. Accordingly, the relief requested herein is sought against each Defendant, as well as all persons under their supervision, direction, or control, including but not limited to their officers, employees, and agents.

## III. JURISDICTION AND VENUE

9. Plaintiff brings this action as a Federal question jurisdiction under the United States Constitution, Fourth and Fourteenth Amendments, and 42 U.S. Code § 1983,

1988, and 28 U.S.C. §§ 1331, 1341, 1343, and 1357. This court has supplemental jurisdiction over state claims alleged herein under 28 U.S.C. § 1367(a). This court has jurisdiction to issue appropriate injunctions and declaratory relief under 28 U.S.C. §§ 2201 and 2202.

10. Venue in this district is proper under 28 U.S.C. section 1391(b).

## IV. STATEMENT OF CLAIMS

11. On June 18, 2018, MURRAY was lawfully driving her vehicle on the street in the City of Fountain Valley when she was pulled over by defendant PARSONS, a uniformed police officer driving a Fountain Valley Police Department vehicle. PARSONS alleged that the reason for his traffic stop was that he had seen the plaintiff parked illegally moments before. However, this was a false pretext because Ms. MURRAY was actually lawfully parked on the private property of the 7-11 parking lot. Officer PARSONS did not issue any citation while the vehicle was parked, nor did he issue any parking citation to Ms MURRAY after stopping her. Officer PARSONS followed MURRAY out of 7-11 and used the alleged parking violation as a pretext to pull her vehicle over only after she was in motion. Once she was in motion, Ms MURRAY was obviously no longer parked and thus not violating any parking laws.

12. PARSONS' voice recordings from the stop that indicated he was hostile from the start toward MURRAY and eager to make her upset by towing away her truck filled with belongings. These recording were disclosed by the CITY when it was required to do so as part of their traffic case against MURRAY, the charges of which she successfully had dismissed. Inexplicably deleted from these recordings are the first minutes, i.e., all the chatter that lead up to the moment when PARSONS said "Hello" to MURRAY. Thus these redacted recordings unfairly hid from MURRAY whatever comments PARSONS may have said at the moment when he actually decided to pull her over. PARSONS's altering of the evidence in this manner was a violation of MURRAY's right to a fair trial and implies a cover-up of something improper.

13. Officer PARSONS should have known that there was no justification whatsoever for pulling over Ms. MURRAY when he had no reasonable suspicion that she had actually committed any crime, and therefore his conduct violated her Fourth Amendment right to be free of unwarranted searches and seizures.

14. MURRAY was detained by PARSONS for the unreasonably long and excessive time period of around 56 minutes (from 2:42 PM until released at 3:39 PM). Neither Ms. MURRAY, her passenger, nor her vehicle were searched during this time. The time was squandered by officer PARSONS debating with other unidentified police officers who arrived whether he could find some way to impound the plaintiff's vehicle despite the California Vehicle Code sections that MURRAY had brought to his attention showing that he had no such authority.

15. MURRAY purchased her used truck from a licensed used car dealer on April 28, 2018 who had duly posted a temporary registration known as a "Dealers Notice of Sale" in the windshield, as required by the California Vehicle Code Section 4456 pending issuance of a new registration by the DMV. These temporary registration documents supersede any prior license plates and registration. So although the vehicle's old registration with the DMV had expired, this document allowed a vehicle to be legally operated on the street for 90 days from the date of purchase or until the purchaser receives, from the California Department of Motor Vehicles, new license plates and registration, whichever comes first. Vehicle Code sec. 4456(c).

16. After the stop officer PARSON learned of the registration discrepancy and was informed by Ms MURRAY of the aforesaid provision granting her 90 days, which prompted him to begin a lengthy discussion with the other officers. Rather than observe that he was unreasonably detaining Ms MURRAY for an excessively long period of time despite her right to keep the car in her possession under the 90 days temporary registration, PARSONS nevertheless continued to debate with the other officers his alleged justification in impounding the truck. They officers told PARSON that MURRAY was correct, however he eventually contrived a spurious rationale to tow the car regardless: he would pretend that the 90 days had expired because, said he,

"new plates" had already arrived, which plates were, he admitted, the old plates, but he would consider them new since, allegedly, valid 2018 renewal tabs had apparently been mistakenly applied to them at some point. Of course, if these plates were indeed the "new" plates with valid tabs, then there was no registration violation at all. Further, since PARSONS admitted that the license's tags were unexpired, he thereby confirmed that a registration problem was not the probable cause for stopping the vehicle. Either way, the old plates and its tabs were a red-herring because MURRAY had just bought the vehicle from the used car dealer and had a valid 90 day registration window that superseded these older discrepancies left over from the prior owner or dealer. Ms. MURRAY got the used car dealer on her cell phone during the stop and attempted to have him speak with the officer to clear up the confusion, but PARSONS refused, surmising aloud that the car dealer was probably "shady." Officer PARSONS used an invented pretext of alleged "new plates" to unlawfully oppress Ms. MURRAY, depriving her of the 90 days she was entitled to under the law, and leaving her without a vehicle.

17. MS. MURRAY had and still has, a valid California Drivers License. She has been a licensed driver since 1979. She has never had a traffic ticket or an at-fault accident. She has never been arrested and has lived in the CITY OF FOUNTAIN VALLEY for 45 years. Her vehicle had not been illegally parked nor had she violated any laws or vehicle codes.

18. A few days later, and repeatedly on or about June 22nd, 23rd, and 25th of 2018 MURRAY contacted the Fountain Valley Police Department and spoke with various offices and divisions attempting in vain to lodge a complaint and schedule a post-towing hearing with somebody who had authority to review officer PARSONS' decision to tow her vehicle illegally. However, each time she was told that there was nobody available to receive her complaint, and, regardless, the only person authorized by the Fountain Valley Police Department to review officer PARSONS' tow decision was going to be officer PARSON himself. Nor did these defendants recognize MURRAY to be the 'owner' of the vehicle because they had not only seized her

vehicle with the 90 day dealer's notice still affixed to the windshield, they wouldn't acknowledge the validity of the 90 day notice, but only the DMV computer records that showed the prior registration information because the paperwork transferring the vehicle to MURRAY had not yet been completed. Thus plaintiff was denied her right to a prompt post-towing hearing to which she was entitled under California Vehicle Code section 2852, and under the Fourth and Fourteenth Amendments of the U.S. Constitution.

19. On June 25, 2018 MURRAY filed a written claim with the City Clerk of the City of Fountain Valley demanding the return of her illegally towed vehicle. This claim was denied on July 8, 2018. MURRAY filed another claim with the City Clerk and that claim that they failed to acknowledged at all.

### FIRST CAUSE OF ACTION

20. On the facts alleged herein, officer PARSONS knowingly violated the civil rights of MURRAY by the wrongful seizure of her person under color of law in violation of the Fourth and Fourteenth Amendments when he stopped her vehicle without probable cause; and that he is personally liable and not entitle to qualified immunity for this conduct because he did it only to harass her as demonstrated by the voice recording that evidences his combative hostility towards her, his disposition toward the unkempt appearance of her truck, his determined eagerness to invent reasons to tow her truck, his prediction that he was going to make her upset, his contrived excuse for ignoring the 90 day grace period to which she was entitled despite being told otherwise by his fellow officers, and his hiding from disclosure of the initial minuets of his police audio recording provided to MURRAY as part of her traffic court case (that she successfully had dismissed).

### SECOND CAUSE OF ACTION

21. On the facts alleged herein, officer PARSONS knowingly violated the civil rights of MURRAY by the wrongful seizure of her person under color of law in violation of the Fourth and Fourteenth Amendments when he deprived her of liberty by detaining her far longer than was necessary for him to reasonably conclude an

investigation, learn that she was not violating the laws that he assumed she was because she had a valid Dealer's Notice of Sale in lieu of registration, and then let her go; and that PARSONS is personally liable and not entitled to qualified immunity for this conduct because he did it despite being informed by his fellow officers that he was incorrect and yet he persisted until he invented a contrived and illogical rationalization for towing MURRAY's truck, and that he acted in conscious disregard for her civil rights as has been described herein.

### THIRD CAUSE OF ACTION

22. On the facts alleged herein, officer PARSONS knowingly violated the civil rights of MURRAY by the wrongful seizure of her automobile and belongings under color of law in violation of the Fourth and Fourteenth Amendments when he ordered her to surrender this property to him to be towed despite the valid Dealer's Notice of Sale that was displayed in the window-shield that made the tow illegal; and that PARSONS is personally liable and not entitle to qualified immunity for this conduct because he did it despite being informed by his fellow officers that he was incorrect and yet he persisted until he invented a contrived and illogical rationalization for towing MURRAY's truck, knowing that he was doing so illegally, and that he acted in conscious disregard for her civil rights as has been amply described herein above.

### FOURTH CAUSE OF ACTION

23. On the facts alleged herein, CHIEF CHILDES, in his official capacity as the policymaker for the City of Fountain Valley Police Department, has established policies and procedures that have caused, and will continue to cause, injury to plaintiff MURRAY in violation of her rights under the Fourth and Fourteenth Amendments, by the conscious disregard for her right not be deprived of her property without due process of law, including the right to ask for and receive an unbiased review of erroneous towing decisions without getting an intentional brush-off and run around, being ignored, discouraged, and told that the offending officers are a law unto themselves; of which policies and procedures the plaintiff is convinced are indeed the policies of the Fountain Valley Police Department because she was informed of them

on at least three different occasions by three different employees of three different offices within the Fountain Valley Police Department. Further, plaintiff MURRAY was entitled to a post-towing review hearing before her property was permanently confiscated, but due to defendant CHILDS' policies her claim to the vehicle was not recognized because they refuse to recognized the rights of owners who recently purchased used vehicles and only hold registration under the dealer's 90 day notice and are not yet within the DMV computer database, and so their vehicles are auctioned off and lost, unfarily extinguishing the rights of valid recent purchasers, such as the plaintiff. MURRAY has the Constitutional right, as do all other citizens who encounter the Fountain Valley Police Department, to not live under a cloud of fear worrying about the threat of robbery and oppression at the hands of Fountain Valley police officers who can, pursuant to the current policies, seize their property illegally without repercussions because such conduct is tacitly approved of by CHILDS' police of refusing to recognized ownership rights and of deliberate indifference to complaints. The fear, worry, and oppression caused by CHILDS' policies are irreparable injuries upon the plaintiff that cannot be compensated with mere financial compensation or money damages, but must be enjoined.

## FIFTH CAUSE OF ACTION

24. On the facts alleged herein, defendant CITY is responsible for the official policies of its employee CHILDS and for its Fountain Valley Police Department, which policies must not unconstitutionally violate the rights of citizens, as they presently do. The actions of CHILDS' police department in seizing MURRAY's vehicle despite the dealer's 90 day notice, then refusing to recognize her ownership despite the 90 day window in which to have registration completed, then refusing to let her obtain a post-towing hearing before her vehicle was permanently auctioned off because she allegedly was not the officially registered owner yet in the DMV database, were not single isolated occurrences, but are established procedures, policies, and customs that defendant CITY is responsible for. However, defendant CITY has demonstrated to plaintiff its indifference to these problematic policies for on June 25,

2018 MURRAY filed a claim with defendant's City Clerk explaining the illegal procedures and asking for the return of her vehicle. The claim was denied on July 8, 2018. Ms. MURRAY filed a second claim with the City Clerk thereafter, further explaining the illegal police department policies, but that claim was not acknowledged at all. The CITY should have long known of the situation concerning CHILDS' illegal policies and when MURRAY complained and was ignored, it confirmed its official indifference and unwillingness to correct the policy. Thus the CITY is inflicting upon plaintiff irreparable injuries of fear and oppression that cannot be compensated with mere financial compensation or money damages, but must be enjoined against.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff MURRAY prays for relief:

**ON THE FIRST, SECOND, AND THIRD CAUSES OF ACTION:**

    i. For damages against officer PARSONS in his personal capacity for knowingly violating plaintiff's Constitutional rights, including for general damages for emotional pain and suffering, all in amount to be proved at trial;

    ii. For punitive damages against officer PARSONS in his personal capacity for knowingly violating plaintiff's Constitutional rights in an amount to be proved at trial.

**ON THE FOURTH AND FIFTH CAUSES OF ACTION.**

    i. For an order enjoining defendant CHILDS and defendant CITY OF FOUNTAIN VALLEY and all those under their direction, supervision, and control, from engaging in any of the unlawful acts complained of herein;

    ii. For an order requiring equitable reimbursement and relief to fairly restore to plaintiff her losses in an amount to be proved at trial.

**ON ALL CAUSES OF ACTION:**

    i. For pre- and post- judgment interest allowable by the law on all damages;

    ii. For costs of suit and reasonable attorney's fees;

    iii. Grant such other relief as the Court deems just and proper.

JANE M. MURRAY
17200 Newhope St., 328B
Fountain Valley, CA 92708
Telephone: (714) 800-0419
E-mail: jmurrayrose@hotmail.com
*Pro se / self-represented plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE M. MURRAY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MIKE PARSONS, et al.,<br><br>　　　　　　Defendants. | Case No. SACV19-00768 GV (JC)<br>Magistrate Judge Jacqueline Chooljian<br><br>**CERTIFICATE OF SERVICE**<br><br>[FRCP, Rule 5] |

I am over the age of 18 and not a party to this case. My business address is 19744 Beach Blvd. #219, Huntington Beach, CA 92648.

A true and correct copy of the foregoing document entitled:

**"FIRST AMENDED COMPLAINT FOR DAMAGES AND PROSPECTIVE RELIEF "**

On September 10, 2020, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows:

Case 8:19-cv-00768-GW-JC   Document 25   Filed 09/11/20   Page 12 of 14   Page ID #:156

1. Clerk, U.S. District Court, U.S. Courthouse, 255 East Temple Street, Room 180 (Terrace Level), Los Angeles, CA 90012-1565.

2. , Magistrate Judge Jacqueline Chooljian, Chambers' Copy, U.S. District Court, 255 East Temple Street, Room 180 (Terrace Level), Los Angeles, CA 90012-1565.

3. Mark Rutter, Esq.; Carpenter, Rothans & Dumont LLP, 500 South Grand Ave., 19th Floor, Los Angeles, CA 90071. (Attorneys for Defendant City of Fountain Valley)

4. Kevin Childs, Chief of Police, Fountain Valley Police Department, 10200 Slater Ave., Fountain Valley, CA 92708.

5. Mike Parsons, Fountain Valley Police Department, 10200 Slater Ave., Fountain Valley, CA 92708.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: September 10, 2020

*Matt McLaughlin* (signature)

Matt McLaughlin

---

2

CERTIFICATE OF SERVICE

