**MARK RUTTER - State Bar No. 058194**
**CAYLIN W. JONES - State Bar No. 327829**
**CARPENTER, ROTHANS & DUMONT LLP**
**500 South Grand Avenue, 19th Floor**
**Los Angeles, CA  90071**
**Phone:       (213) 228-0400**
**Fax:         (213) 228-0401**
**Emaol:      mrutter@crdlaw.com | cjones@crdlaw.com**

Attorneys for Defendant, CITY OF FOUNTAIN VALLEY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE M. MURRAY,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CITY OF FOUNTAIN VALLEY POLICE SGT. MIKE PARSONS, FOUNTAIN VALLEY POLICE CHIEF KEVIN CHILDES and THE CITY OF FOUNTAIN VALLEY.<br><br>          Defendants. | Case No.: SACV19-00768 GW (JC)<br><br>[Magistrate Judge Jacqueline Chooljian]<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:        October 27, 2020<br>Time:        9:30 a.m.<br>Courtroom: 750<br><br><br>Discovery Cut-Off:  Not set<br>Final Pre-Trial Conf.:  Not set<br>Trial:  Not set |

        **PLEASE TAKE NOTICE** that on October 27, 2020, at 9:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 750 of the United States District Court, Central District, located at 255 East Temple Street, Los Angeles, CA, 90012 Defendants CITY OF FOUNTAIN VALLEY, a public entity, will and

/ / /

1

hereby do move this court pursuant to <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6), for an order dismissing the Plaintiff's First Amended Complaint. This motion is made on the following grounds:

     1.    The First Amended Complaint fails to state any claim upon which relief can be granted against any Defendant.

     2.    The first claim, entitled "First Cause of Action" fails to state facts sufficient to support a claim upon which relief can be granted and is not supported by law.

     3.    The second claim, entitled "Second Cause of Action" fails to state facts sufficient to support a claim upon which relief can be granted, and is not supported by law.  Further, this claim is duplicative of the "First Cause of Action"

     4.    The third claim entitled "Third Cause of Action" fails to state facts sufficient to support a claim upon which relief can be granted and is not supported by law.

     5.    The fourth claim entitled "Fourth Cause of Action" fails to state facts sufficient to support a claim upon which relief can be granted and is not supported by law.

     6.    The fifth claim entitled "Fifth Cause of Action" fails to state facts sufficient to support a claim upon which relief can be granted and is not supported by law.

     This motion is made following the meet and confer between defense counsel and Plaintiff Jane Murray on September 21, 2020 and September 24, 2020, pursuant to Local Rule 7-3.

/ / /

/ / /

/ / /

/ / /

/ / /

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1       This motion will be made and based on this Notice of Motion, the

2  Memorandum of Points and Authorities, the pleadings and records on file with this

3  court, any evidence of which the Court may take judicial notice prior to or at the

4  hearing of this matter, and upon such oral or documentary evidence as may be

5  presented at the hearing of this motion.


DATED: September 28, 2020   CARPENTER, ROTHANS & DUMONT LLP


                           *Caylin W. Jones*

By:  _____

      MARK RUTTER
      CAYLIN W. JONES
      Attorneys for Defendant, CITY OF
      FOUNTAIN VALLEY

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

1

## <u>TABLE OF CONTENTS</u>

2   I.      INTRODUCTION ............................................................................1

3   II.     PLAINTIFF'S CLAIMS ...............................................................1

4   III.    LEGAL STANDARD ON MOTION TO DISMISS ....................................2

5   IV.     STATEMENT OF LAW ...............................................................4

6

7           A.     Plaintiff Has Not Plead Sufficient Facts To Warrant Relief
                    Under Her First Claim Alleging An Illegal Seizure of
8                   Her Person. ..........................................................................4

9

10          B.     The Plaintiff's Second Claim is Duplicative and Therefore
                    Subject To Dismissal. ..........................................................5
11

12          C.     Plaintiff Has Not Plead Sufficient Facts To Warrant Relief
                    Under Her Third Claim Alleging An Illegal Seizure of
13                  Her Vehicle. ........................................................................6
14

15          D.     Plaintiff Has Not Plead Sufficient Facts To Warrant Relief
                    Under Her Fourth Claim Alleging A Violation of Procedural Due
16
                    Process. ................................................................................8
17

18          E.     There Is No Evidence To Support The Plaintiff's Claim
                    For Entity Liability Under 42 U.S.C. § 1983. ...................10
19

20   V.      CONCLUSION ..............................................................................14

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal,
556 U.S. 662, 678 (2009) ...........................................................2, 3, 10, 12

Balistreri v. Pacifica Police Dept.,
901 F.2d 696, 699 (9th Cir. 1988) ............................................................2

Bell Atlantic Corporation v. Twombly,
550 U.S. 544 (2007).............................................................................2, 3, 10

Bennett v. City of Slidell,
728 F.2d 762 (5th Cir. 1984) ...................................................................11

Buckey v. County of Los Angeles,
968 F.2d 791 (9th Cir. 1992) .....................................................................1

Chiplin Enter. v. City of Lebanon,
712 F.2d 1524, 1526 (1st Cir.1983) ..........................................................1

City of Los Angeles v. David,
538 U.S. 715, 717-719, 123 S. Ct. 1895, 155 L. Ed. 2d 946 (2003)........9

Davis v. Ellensburg,
869 F.2d 1230 (9th Cir. 1989) .................................................................11

Dougherty v. City of Covina,
654 F.3d 892 (9th Cir. 2011) ...................................................................12

Goichman v. Rheuban Motors, Inc.,
682 F.2d 1320, 1324 (9th Cir. 1982) ......................................................8, 9

Heien v. North Carolina,
574 U.S. 54, 135 S. Ct. 530 (2014) ...........................................................5

Illinois v. Gates,
462 U.S. 213, 238 (1983) ...........................................................................4

In re Raymond C.,
45 Cal. 4th 303, 86 Cal. Rptr. 3d 110, 196 P.3d 810 (2008)....................5

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>INS v. Delgado,</u>
466 U.S. 210, 217 (1984) .................................................................................4

<u>Johnson v. Burkes,</u>
No. C 98-2964 TEH(PR), 1998 U.S. Dist. LEXIS 13041, at 1
(N.D. Cal. Aug. 14, 1998) ..............................................................................6

<u>Leslie v. City of Sand City,</u>
615 F. Supp. 2d 1121, 1125 (N.D. Cal. 2009)...............................................7

<u>Maryland v. Buie,</u>
494 U.S. 325, 330, 110 S. Ct. 1093, 108 L. Ed. 2d 276 (1990) ...................6

<u>Mathews v. Eldridge,</u>
424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) ...........................8

<u>Meehan v. Los Angeles County,</u>
856 F.2d 102 (9th Cir. 1988) ........................................................................11

<u>Miranda v. City of Cornelius,</u>
429 F.3d 858, 865 (2005) ...............................................................................7

<u>Monell v. Dep't. of Soc. Serv's. of City of New York,</u>
436 U.S. 658, 690 (1978) .............................................................10, 11, 12, 13

<u>Palermo v. Town of N. Reading,</u>
370 Fed. Appx. 128, 131 n.4 (10th Cir. 2010) .........................................13

<u>Rodriguez v. City of Modesto,</u>
535 Fed. Appx. 643, 646 (9th Cir. 2013) ...................................................12

<u>Scofield v. Hillsborough,</u>
862 F.2d 759 (9th Cir. 1988) .....................................................................8, 9

<u>Sims v. Lee,</u>
2013 U.S. Dist. LEXIS 144283, 22-23...........................................................8

<u>Soffer v. City of Costa Mesa,</u>
798 F.2d 361, 362-363 (9th Cir. 1986)..........................................................9

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

1
2
<u>Stanley v. Goodwin</u>,
475 F. Supp. 2d 1026, 1038 (D. Haw. 2006)............................................................12

3
4
<u>Terry v. Ohio</u>,
392 U.S. 1, 30 (1968)................................................................................................4

5
6
<u>United States v. Cartwright</u>,
630 F.3d 610, 616 (7th Cir. 2010) ...........................................................................8

7
8
<u>United States v. James Daniel Good Real Prop.</u>,
510 U.S. 43, 46, 114 S. Ct. 492, 497 (1993) ...........................................................9

9
10
<u>United States v. Montoya de Hernandez</u>,
473 U.S. 531, 541, 544 (1985) .................................................................................4

11
12
<u>United States v. Price</u>, No. 92-50504, 1993 U.S. App. LEXIS 34115, at 1
(9th Cir. Dec. 15, 1993) ............................................................................................4

13
14
<u>United States v. Sokolow</u>,
490 U.S. 1, 7 (1989)..................................................................................................4

15
16
<u>Via v. City of Fairfield</u>,
833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) .......................................................12

17
18
<u>Weisbuch v. County of Los Angeles</u>,
119 F.3d 778, 783 (9th Cir. 1997) ...........................................................................2

19
20
<u>Wilson ex rel. Bevard v. City of W. Sacramento</u>,
No. CIV. 2:13-2550 WBS, 2014 WL 1616450, at *1 (E.D. Cal. Apr. 22, 2014) ...11

**Statutes**

28 U.S.C. § 1915..........................................................................................................6

42 U.S.C. § 1981..........................................................................................................2

42 U.S.C. § 1983.................................................................................2, 10, 11, 12

<u>Cal. Veh. Code</u> § 22852..........................................................................................8, 9

<u>Cal. Veh. Code</u> § 4000 (a) (1) .....................................................................................6

<u>Cal. Veh. Code</u> § 4000(a) ............................................................................................5

<u>Cal. Veh. Code</u> § 4456...........................................................................................1, 6, 9

21
22
23
24
25
26
27
28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

1    <u>Cal. Veh. Code</u> § 4456 (a) .............................................................6

2    <u>Cal. Veh. Code</u> § 4456 (b) .............................................................7

3    <u>Cal. Veh. Code</u> § 4456 (c) .............................................................7

4    <u>Cal. Veh. Code</u> § 5901 (a) .............................................................9

5    **Rules**

6    FED. R. CIV. P., Rule 8 .............................................................2

7    FED. R. CIV. P., Rule 8(a)(2) .............................................................2

8    FED. R. CIV. P., Rule 12(b)(6).............................................................2

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   INTRODUCTION

Plaintiff, JANE MURRAY, has filed the instant lawsuit due to an alleged encounter with City of Fountain Valley Police Sergeant Mike Parsons on June 18, 2018.  According to Plaintiff's Complaint she was pulled over for illegally parking outside a 7-11 convenience store.  <u>FAC</u> ¶ 14.  The Plaintiff presented Sergeant Parsons with a valid license but did not have proof of registration.  Plaintiff asserts she had purchased the vehicle a few months prior from a licensed dealership on April 28, 2018, and assets that California Vehicle Code § 4456 allows her to drive with expired registration for 90 days.  <u>FAC</u> ¶ 18.  Sergeant Parsons determined this vehicle code was not applicable to the Plaintiff and impounded her vehicle.  <u>FAC</u> ¶ 19.

As a result of the above described event, Plaintiff asserts a number of claims against the City of Fountain Valley, FVPD Sergeant Mike Parsons, and Chief Kevin Childes.  These claims include allegations of violations of the plaintiff's procedural due process rights; unconstitutional seizure of her person; unconstitutional seizure of her vehicle and a presumed <u>Monell</u> claim against all defendants, including Sergeant Parsons.  It is the Defendant's position that as colorfully stated by the Ninth Circuit in <u>Buckey v. County of Los Angeles</u>, 968 F.2d 791 (9th Cir. 1992), the Plaintiff's "vague and conclusory complaint" in this action "'aims in the general direction of the federal Constitution with buckshot' [and] cannot survive a motion to dismiss."  <u>Id.</u> at 794, citing <u>Chiplin Enter. v. City of Lebanon</u>, 712 F.2d 1524, 1526 (1st Cir.1983).

## II.   PLAINTIFF'S CLAIMS

The First Amended Complaint by the Plaintiff does not have clearly identified claims, nor is it clearly identified which claims are against which Defendants, however, from what the Defendant is able to ascertain the Plaintiff asserts the following five claims against all Defendants:

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

(1)     42 U.S.C. § 1983 – Wrongful Seizure of her person in violation of the Fourth and Fourteenth Amendments.

(2)     42 U.S.C. § 1983 – Wrongful Seizure of her person in violation of the Fourth and Fourteenth Amendments.

(3)     42 U.S.C. § 1983 – Wrongful Seizure of her vehicle in violation of the Fourth and Fourteenth Amendments.

(4)     42 U.S.C. § 1983 – Deprivation of the Right to Procedural Due Process under the Fourteenth Amendment.

(5)     42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth Amendments and in violation of 42 U.S.C. § 1981.

## III.   LEGAL STANDARD ON MOTION TO DISMISS

Federal Rules of Civil Procedure, Rule 12(b)(6) authorizes a motion to dismiss a claim where a Complaint fails to state facts sufficient to support a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988); Weisbuch v. County of Los Angeles, 119 F.3d 778, 783 (9th Cir. 1997).

In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the Supreme Court discussed a motion to dismiss for failure to state a claim in light of Federal Rule of Civil Procedure, Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  In Twombly, the Court recognized that Rule 8 does not require "detailed factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a

complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (internal citations and quotations omitted).  In Ashcroft v. Iqbal, the Supreme Court discussed at length the two guiding principles established by Twombly:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation").  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Id. at 678-79 (internal citations omitted).

The second principle enunciated by the Court in Twombly focuses on the plausibility of a claim for relief:

> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief. Id. at 679 (internal citations and quotations omitted). In other words, the plaintiff's complaint must contain facts that "nudge[] [his] claims . . . across the line from conceivable to plausible." Id. at 680 (citing Twombly, 550 U.S. at 570).

IV.   **STATEMENT OF LAW**

A.     **Plaintiff Has Not Plead Sufficient Facts To Warrant Relief Under Her First Claim Alleging An Illegal Seizure of Her Person.**

It is well established that Officers are entitled to conduct an investigative stop, or a detain a suspect so long as there is reasonable suspicion "supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." Terry v. Ohio, 392 U.S. 1, 30 (1968).  Furthermore, "The officer, of course, must be able to articulate something more than an 'inchoate and unparticularized suspicion' or 'hunch.'" Terry v. Ohio, 392 U.S. at 27.  The Fourth Amendment requires "some minimal level of objective justification" for making the stop.  INS v. Delgado, 466 U.S. 210, 217 (1984).  That level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence.  Probable cause has been held to constitute "a fair probability that contraband or evidence of a crime will be found," Illinois v. Gates, 462 U.S. 213, 238 (1983), and the level of suspicion required for a Terry stop is obviously less demanding than that required for probable cause. See United States v. Montoya de Hernandez, 473 U.S. 531, 541, 544 (1985); United States v. Sokolow, 490 U.S. 1, 7 (1989).

Plaintiff alleges that the Defendant Officer violated her "Fourth Amendment right to be free of unwarranted searches and seizures."  FAC ¶ 16.  In her First Amended Complaint she states she was pulled over because her vehicle had been illegally parked in a 7-11 parking lot, which she contends is false.  FAC ¶ 4.  She further contends that the stop was a pretext for the "unkempt appearance of her truck."  FAC ¶ 23.  "Whether a stop is a mere pretext to search turns on the motivation or primary purpose of the arresting officer.  If an officer would have made a stop regardless of that officer's knowledge concerning the driver's possible involvement in other criminal activities, the stop is not a pretext."  See United States v. Price, No. 92-50504, 1993 U.S. App. LEXIS 34115, at 1 (9th Cir. Dec. 15, 1993).  Therefore, the only relevant question when alleging a vehicle stop in

4

1    violation of the Fourth Amendment is whether or not the officer had probable

2    cause.

3          Plaintiff's first claim fails to state sufficient facts to support her claim for

4    wrongful seizure of her person.  Other than stating she was parked outside a 7-11,

5    the Plaintiff does not state whether she was driveway, a marked space, alley, or

6    even which 7-11 store this took place at or what the alleged parking violation was.

7    Rather, she just abruptly comes to the conclusion that she was parked lawfully

8    with no other facts to support such a claim.

9          Moreover, under the Fourth Amendment, reasonable suspicion can rest on a

10   mistaken understanding of the scope of a legal prohibition.  See Heien v. North

11   Carolina, 574 U.S. 54, 135 S. Ct. 530 (2014).  Plaintiff seems to assert that

12   Sergeant Parsons was mistaken, and she was parked lawfully.

13         Most significantly though, Plaintiff's own claim establishes that Sergeant

14   Parsons had reasonable suspicion to conduct a traffic stop as she admits that her

15   vehicle registration was expired.  FAC ¶ 18.  Regardless of whether Plaintiff

16   believes she had an exception to valid registration, her registration was in fact

17   expired, which is in violation of Cal. Veh. Code § 4000(a).  Thus, by Plaintiff's

18   own pleading Sergeant Parsons had reasonable suspicion to, at the very least, stop

19   her vehicle on suspicion that she was in violation of Cal. Veh. Code § 4000(a).

20   See In re Raymond C., 45 Cal. 4th 303, 86 Cal. Rptr. 3d 110, 196 P.3d 810 (2008)

21   (finding an Officer who pulled an individual over for a license plate violation still

22   had reasonable suspicion to conduct the stop even though he did not see the

23   temporary operating permit in the front window.)

24         **B.    The Plaintiff's Second Claim is Duplicative and Therefore Subject**

25              **To Dismissal.**

26         Plaintiff's first cause of action is for "the wrongful seizure of her

27   person…when [Sergeant Parsons] stopped her vehicle without probable cause."

28   FAC ¶ 23.  Similarly, plaintiff's second cause of action is seemingly for the

1   "wrongful seizure of her person…by detaining her far longer than was

2   necessary…" FAC ¶ 24.  Both of these causes of action arise out of the same

3   seizure, the vehicle stop Sergeant Parsons effectuated on June 18, 2018.  In the

4   first cause of action plaintiff describes the stop of her vehicle, and in the second

5   she describes what happened during the stop, these facts do not create two different

6   seizures but rather, they describe one seizure.  As such, these claims are

7   duplicative and should be dismissed as such.  See Johnson v. Burkes, No. C 98-

8   2964 TEH(PR), 1998 U.S. Dist. LEXIS 13041, at 1 (N.D. Cal. Aug. 14, 1998)

9   ("Duplicative or repetitious litigation of virtually identical causes of action

10  is subject to dismissal under 28 U.S.C.S. § 1915 as malicious.")

11      **C.    Plaintiff Has Not Plead Sufficient Facts To Warrant Relief Under**

12              **Her Third Claim Alleging An Illegal Seizure of Her Vehicle.**

13          Under the Fourth Amendment, an officer may lawfully seize property which

14  is in plain view and which the office had probable cause to believe was evidence of

15  a crime.  Maryland v. Buie, 494 U.S. 325, 330, 110 S. Ct. 1093, 108 L. Ed. 2d 276

16  (1990).  Under Cal. Veh. Code § 4000 (a) (1)  "A person shall not drive, move, or

17  leave standing upon a highway…any motor vehicle…unless it is registered and the

18  appropriate fees have been paid…" Plaintiff's First Amended Complaint concedes

19  the registration on her vehicle was expired but asserts that the "Dealers Notice of

20  Sale" per Cal. Veh. Code § 4456 and that this paper acted as "temporary

21  registration documents [that] supersede any prior license plates and registration."

22  FAC. ¶ 18.  Cal. Veh. Code § 4456 (a) states:

23          **"**When selling a vehicle, dealers and lessor-retailers shall use numbered

24          report-of-sale forms issued by the department.  The forms shall be used

25          in accordance with the following terms and conditions…(2) **The dealer**

26          **or lessor-retailer shall submit to the department an application**

27          **accompanied by all fees and penalties due for registration or**

28  / / /

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT

1   **transfer of registration of the vehicle within 30 days from the date**

2   **of sale, as provided in subdivision (c) of Section 9553, if the vehicle**

3   **is a used vehicle, and within 20 days** if the vehicle is a new vehicle.

4   Penalties due for noncompliance with this paragraph shall be paid by

5   the dealer or lessor-retailer." (Emphasis added)

6   Cal. Veh. Code § 4456 (c) goes on to state "a vehicle displaying a copy of the report

7   of sale may be operated without a license plates of registration **card** until either of

8   the following, whichever occurs first: (1) the license plates and registration card are

9   received by the purchaser.  (2) A 90-day period, commencing with the date of sale

10  of the vehicle, has expired."  (Emphasis added).  When read together it is clear that

11  a dealer must submit to the Department of Motor Vehicles all fees due for

12  registration within 20 days of the purchase of a used vehicle.  The code allows an

13  individual to drive for up to 90 days without a formal registration **card**, but nowhere

14  does the code allow an individual to drive up to 90 days without valid registration

15  itself.

16          Plaintiff asserts that she purchased her used vehicle "from a licensed used

17  car dealer on April 28, 2018."  FAC ¶18.  Per Cal. Veh. Code § 4456 (b) the dealer

18  *must* pay all registration fees within 20 days of the purchase of a used vehicle.

19  Thus, Plaintiff's registration fees were due no later than May 18, 2018.  Plaintiff

20  was pulled over by Sergeant Parsons on June 18, 2018, one month after the

21  registration fees were due.  Since Plaintiff's registration was expired, and the

22  Dealers Notice of Sale does not act as registration itself, on the facts of the First

23  Amended Complaint, Sergeant Parsons was authorized to seize Plaintiff's vehicle

24  for impound.  See Miranda v. City of Cornelius, 429 F.3d 858, 865 (2005) ("The

25  violation of a traffic regulation justifies impoundment of a vehicle if the driver is

26  unable to remove the vehicle from a public location without continuing its illegal

27  operation."); Leslie v. City of Sand City, 615 F. Supp. 2d 1121, 1125 (N.D. Cal.

28  2009)  (stating that "if allowing a driver to remove a vehicle would result in

7

1   violation of a traffic regulation, impoundment of a vehicle is reasonable" under
2   the Fourth Amendment); see also <u>Sims v. Lee</u>, 2013 U.S. Dist. LEXIS 144283, 22-
3   23 citing <u>United States v. Cartwright</u>, 630 F.3d 610, 616 (7th Cir. 2010)
4   (upholding the impoundment of the defendant's vehicle, based in part on the fact
5   that "no one could have lawfully driven [the] car from the scene").   As such, this
6   claim should be dismissed with prejudice.

7        D.   **Plaintiff Has Not Plead Sufficient Facts To Warrant Relief Under**
8             **Her Fourth Claim Alleging A Violation of Procedural Due**
9             **Process.**

10       Due process requires that the government follow certain procedures before
11   depriving an individual of property interests.  <u>Mathews v. Eldridge</u>, 424 U.S. 319,
12   332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).  To determine what procedures are
13   required, courts balance (1) the private interest; (2) the risk of erroneous
14   deprivation of this interest through the process used, including an assessment of
15   the probable value of additional or substitute procedural safeguards; and (3) the
16   government's interest, including the financial and administrative burdens of
17   different procedural requirements.  <u>Mathews</u>, 424 U.S. at 334; <u>Goichman v.</u>
18   <u>Rheuban Motors, Inc.</u>, 682 F.2d 1320, 1324 (9th Cir. 1982).  By weighing these
19   concerns, courts determine whether a state has satisfied due process "the
20   opportunity to be heard at a meaningful time and at in a meaningful manner."
21   <u>Mathews</u>, 424 U.S. at 333 (internal quotations omitted).

22       <u>Cal. Veh. Code</u> § 22852 provides any owner whose vehicle has been subject
23   to storage by a member of a public agency "with the opportunity for a poststorage
24   hearing to determine the validity of the storage."  The statute has been held to
25   satisfy due process requirements.  See <u>Scofield v. Hillsborough</u>, 862 F.2d 759 (9th
26   Cir. 1988) (finding § 22852 satisfies due process concerns where government had
27   an interest in towing unregistered vehicles to "remove them from the public streets,
28   encourage owners to maintain automobile registration, and deter owners form

8

1   violating state registration laws.")  Further, Constitutional due process guarantees
2   do not require pre-deprivation notice and a hearing before the towing and
3   impoundment from public streets of vehicles for parking or traffic
4   violations. See City of Los Angeles v. David, 538 U.S. 715, 717-719, 123 S. Ct.
5   1895, 155 L. Ed. 2d 946 (2003); Scofield, 862 F.2d at 762; Soffer v. City of Costa
6   Mesa, 798 F.2d 361, 362-363 (9th Cir. 1986).   However, a post-deprivation
7   hearing under Cal. Veh. Code § 22852 may be required.  Id.  Moreover, the
8   hearing process under Cal. Veh. Code § 22852 has been held to be Constitutional.
9   See Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1323-1326 (9th Cir.
10  1982); see also David, 538 U.S. at 717-719.

11          The moving Defendant submits that Plaintiff was not entitled to a post-
12  deprivation hearing because she lacked standing.  In order to have standing for a
13  procedural due process claim the Plaintiff must show she had a valid property
14  interest in the property she is to be deprived of.  In this case Plaintiff was not the
15  registered owner of the vehicle and thus, did not have a valid property interest in
16  the vehicle.  FAC ¶ 21.  See United States v. James Daniel Good Real Prop., 510
17  U.S. 43, 46, 114 S. Ct. 492, 497 (1993) (Supreme Court affirming requirement that
18  a property owner be notified, and a hearing be held before the forfeiture
19  of property could occur.)

20          Plaintiff states in her First Amended Complaint that the "Dealers Notice of
21  Sale" pursuant to Cal. Veh. Code § 4456 "supersedes" all previous registration
22  however, no one in Cal. Veh. Code § 4456 does it state such a thing. FAC ¶ 18.
23  Further, per Plaintiff's First Amended Complaint, she purchased the vehicle from a
24  registered dealer on April 28, 2018.  FAC ¶ 18.  Cal. Veh. Code § 5901 (a)
25  requires "Every dealer or lessor-retailer, upon transferring by sale, lease, or
26  otherwise any vehicle, whether new or used, of a type subject to registration under
27  this code, **shall**, not later than the end of the fifth calendar day thereafter not
28  counting the day of sale, give notice of the transfer to the department electronically

9

1  in a manner approved by the department."  (emphasis added).  Thus, assuming the
2  First Amended Complaint to be true, the Plaintiff purchased the vehicle from a
3  registered dealer on April 28, 2018 and the sale of vehicle was not properly
4  registered within the time frame required, leaving her with no proof that she was
5  the owner of the vehicle.  Although, if true, this would be an unfortunate situation,
6  it is nonetheless a situation of no fault to the City of Fountain Valley, as without
7  proof of ownership the City has no duty to offer the Plaintiff a hearing and the
8  Plaintiff has no standing for a due process claim.  As such, this claim should be
9  dismissed with prejudice.

10  **E.    There Is No Evidence To Support The Plaintiff's Claim For
11  Entity Liability Under 42 U.S.C. § 1983.**

12  To survive a motion to dismiss, a plaintiff must plead "only enough facts to
13  state a claim to relief that is plausible on its face."  Twombly, 550
14  U.S. at 570.  However, the Supreme Court has held that this "plausibility" standard
15  "asks for more than a sheer possibility that a defendant has acted unlawfully" and
16  "stops short of the line between possibility and plausibility."  Iqbal, 556 U.S. at
17  678 (quoting Twombly, 550 U.S. at 557).

18  A local governmental entity may be sued under 42 U.S.C. Section 1983 **only**
19  where a municipal policy or custom *caused* an alleged violation of constitutional
20  rights.  Monell v. Dep't. of Soc. Serv's. of City of New York, 436 U.S. 658, 690
21  (1978).  A municipality cannot, however, be held liable under Section 1983 "solely
22  because it employs a tortfeasor – or, in other words, a municipality cannot be held
23  liable under § 1983 on a respondeat superior theory."  Id. at 691.  Section 1983
24  liability may be imposed only when a municipal policy or custom is the "moving
25  force" behind a violation of federally protected rights.  Id. at 694.  Because there is
26  no *respondeat superior* liability under 42 U.S.C. § 1983, a public entity may be
27  held liable only when an explicit or tacit wrongful government **"policy or**
28  **custom"** causes government employees to violate a constitutional right, or, more

10
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT

specifically, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 690-691, 694.

In general, to maintain a civil rights action against a municipal defendant, a plaintiff must establish the existence of a municipal policy and that his injuries are *caused* by that policy. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 690 (1978). A plaintiff may assert the existence of a municipal policy in one of four ways: (1) a formal policy officially endorsed by the municipality; (2) actions taken by the government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policy makers to train or supervise subordinates. Id. Although the plaintiff need not show that the municipality had an explicitly stated rule or regulation, **a single incident alleged in a Complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy**. Id. [Emphasis added].

Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy. See Bennett v. City of Slidell, 728 F.2d 762 (5th Cir. 1984); Meehan v. Los Angeles County, 856 F.2d 102 (9th Cir. 1988); Davis v. Ellensburg, 869 F.2d 1230 (9th Cir. 1989).

When applying the above-stated pleading standard to claims for municipal liability under 42 U.S.C. § 1983 and Monell v. Department of Social Services of City of N.Y., 436 U.S. 658 (1978), "**courts have repeatedly rejected conclusory Monell allegations that lack factual content from which one could plausibly infer Monell liability**." Wilson ex rel. Bevard v. City of W. Sacramento, No. CIV. 2:13-2550 WBS, 2014 WL 1616450, at *1 (E.D. Cal. Apr. 22, 2014) (citing

11

1  |  *Rodriguez v. City of Modesto*, 535 Fed. Appx. 643, 646 (9th Cir. 2013)) (emphasis

2  |  added).

3  |  Plaintiff's facts in support of this claim are comprised of the following: (1)

4  |  Plaintiff filed two claims with the City Clerk asking for the return of the vehicle;

5  |  (2) One claim was denied and the other was not responded to; (3)  Her vehicle was

6  |  subsequently auctioned off.  FAC ¶ 27.  The First Amended Complaint contains no

7  |  factual allegations about a specific Fountain Valley policy, custom, or practice or

8  |  that the City acted pursuant to such a policy.  Rather the Plaintiff states she

9  |  submitted government claims, the claims were rejected, and then she seemingly

10 |  comes the conclusion that this was "not single isolated occurrences, but established

11 |  procedures, policies, and customs that defendant City is responsible for." FAC ¶

12 |  27.  This entire "allegation" is conclusory, includes no legal authority and is

13 |  insufficient to state a viable claim against the City pursuant to 42 U.S.C. § 1983

14 |  and no facts to establish that this was in fact an established procedure, policy or

15 |  custom.

16 |  It is Defendant City of Fountain Valley's position that the Complaint for

17 |  Damages is devoid of any facts to support a Monell-related claim [under any

18 |  theory] and that the plaintiff cannot rely solely on legal conclusions and

19 |  conclusory allegations in order to withstand a dismissal of this claim.  See

20 |  *Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011); *Via v. City of*

21 |  *Fairfield*, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (dismissing plaintiff's

22 |  Monell claim because it was based on conclusory allegations, noting that after

23 |  Iqbal, "courts have repeatedly rejected such conclusory allegations that lack factual

24 |  content from which one could plausibly infer Monell liability," and collecting

25 |  cases); *Stanley v. Goodwin*, 475 F. Supp. 2d 1026, 1038 (D. Haw. 2006)

26 |  (concluding that plaintiff's "bald allegations" regarding a store's policies were

27 |  insufficient to support a section 1983 claim in the absence of specific facts

28 |  / / /

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT

1   showing that the store participated in a practice that deprived individuals of their

2   constitutional rights).

3          Moreover, these courts have also refused to accept the anticipated argument

4   that the need for discovery would override pleading a factual basis for liability

5   under Monell.  In Via, the plaintiff—much like the plaintiff here—recited the

6   general standards giving rise to municipal liability under section 1983 under the

7   guise of "factual allegations."  The district court addressed the plaintiff's argument

8   that it needed discovery of the City's policies and personnel files to "include any

9   greater detail" by stating the following:

10             This low threshold for pleading a Monell claim, however, cannot

11             survive after the Supreme Court rejected "[t]hreadbare recitals of the

12             elements of a cause of action, supported by mere conclusory

13             statements" in Iqbal.  Since Iqbal, courts have repeatedly rejected such

14             conclusory allegations that lack factual content from which one could

15             plausibly infer Monell liability.  See e.g., Palermo v. Town of N.

16             Reading, 370 Fed. Appx. 128, 131 n.4 (10th Cir. 2010) (dismissing a

17             Monell claim when "the complaint as a whole contained no factual

18             assertions whatsoever regarding Town policy").  **Although plaintiff**

19             **may benefit from discovery, the Supreme Court has made it clear**

20             **that threadbare allegations are insufficient to "unlock the doors of**

21             **discovery for a plaintiff armed with nothing more than**

22             **conclusions."**  Id. at 1196 (emphasis added) (citations omitted).

23          In sum, the absence of any actual facts to support a Monell claim [under any

24   theory] that was the cause or moving force behind the alleged deprivation of the

25   Plaintiff's constitutional rights, it is respectfully submitted that the Fifth Claim be

26   dismissed with prejudice.

27   / / /

28   / / /

13

1

## V.    CONCLUSION

2

Based upon the foregoing, Defendant respectfully requests that this Court

3

grant the instant Motion to Dismiss in its entirety, without affording the Plaintiff

4

leave to amend.

5

6

DATED:  September 28, 2020   CARPENTER, ROTHANS & DUMONT LLP

*Caylin W. Jones*

7

By:   _____

8

MARK RUTTER

CAYLIN W. JONES

9

Attorneys for Defendant, CITY OF

FOUNTAIN VALLEY, a public entity.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within entitled action.  My business address is 500 South Grand Avenue, 19th Floor, Los Angeles, California 90014.

On September 28, 2020 I served the foregoing document(s) described as:

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

    Jane M. Murray
    17200 Newhope Street #328-B
    Fountain Valley, CA 92708

**BY MAIL**
  __X__  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

**FEDERAL**
  __X__  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

    Executed on September 28, 2020, at Los Angeles, California.

                  /s/ Lynn Gandi

                  _____
                  Lynn Gandi

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT