**MARK RUTTER– State Bar No. 058194**
**CAYLIN W. JONES– State Bar No. 327829**
**CARPENTER, ROTHANS & DUMONT LLP**
**500 South Grand Avenue, 19th Floor**
**Los Angeles, CA 90071**
**(213) 228-0400 / (213) 228-0401 [Fax]**
**mrutter@crdlaw.com / cjones@crdlaw.com**

Attorneys for Defendant, CITY OF FOUNTAIN VALLEY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE M. MURRAY, | ) Case No.: SACV19-00768 GW (JC) |
| Plaintiff, | ) |
| | ) [Magistrate Judge Jacqueline Chooljian] |
| vs. | ) |
| | ) **DEFENDANTS' REPLY TO** |
| CITY OF FOUNTAIN VALLEY | ) **PLAINTIFF'S OPPOSITION TO** |
| POLICE SGT. MIKE PARSONS, | ) **DEFENDANTS MOTION TO** |
| FOUNTAIN VALLEY POLICE | ) **DISMISS THE FIRST AMENDED** |
| CHIEF KEVIN CHILDES and THE | ) **COMPLAINT; MEMORANDUM** |
| CITY OF FOUNTAIN VALLEY. | ) **OF POINTS AND AUTHORITIES** |
| | ) **IN SUPPORT THEREOF** |
| Defendants. | ) |
| | ) [Fed. R. Civ. P. 12(b)(6)] |
| | ) |

COMES NOW Defendant, City of Fountain Valley, a public entity, and hereby submits its Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss the First Amended Complaint.

DATED: October 15, 2020      CARPENTER, ROTHANS & DUMONT LLP

*Caylin W. Jones*

By: _____
MARK RUTTER
CAYLIN W. JONES
Attorneys for Defendant, CITY OF
FOUNTAIN VALLEY

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant City of Fountain Valley submits this Reply as timely as possible. Plaintiff's opposition was to be filed October 6, 2020, however it was not received by the Court until October 9, 2020 and not e-filed with the clerk until October 13, 2020.  See Dkt. 29 and 30.  Per this Court's order, **"the failure timely to file an opposition to Defendant's Motion may be deemed consent to the granting of Defendant's Motion pursuant to Local Rule 7-12 and result in dismissal which could end this case."** See Dkt. 29.  This Defendant respectfully requests that the Court dismiss plaintiff's First Amended Complaint with prejudice for failure to timely oppose the Defendant's motion.  Alternatively, should this Court decline to dismiss Plaintiff's case for failure to timely oppose the Defendant's motion, the Defendant respectfully requests that this Court accept the following reply to Plaintiff's Opposition, which was to be filed October 13, 2020 but due to Plaintiff's failure to timely file her opposition, is being filed two days later on October 15, 2020.

## I.      INTRODUCTION

Plaintiff, Jane Murray, has filed the instant lawsuit due to an alleged encounter with City of Fountain Valley Police Sergeant Mike Parsons on June 18, 2018. According to Plaintiff's Complaint she was pulled over outside a 7-11 convenience store.  FAC ¶ 14.  The Plaintiff presented Sergeant Parsons with a valid license but did not have proof of registration. FAC ¶ 18.  Plaintiff asserts she had purchased the vehicle a few months prior from a licensed dealership on April 28, 2018, and assets that California Vehicle Code § 4456 allows her to drive with expired registration for 90 days.   FAC ¶ 18.  Sergeant Parsons determined this vehicle code was not applicable to the Plaintiff and impounded her vehicle.  FAC ¶ 19.

/ / /

/ / /

- 1 -

1

II.    **ARGUMENT**

2        <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6) authorizes a motion to

3   dismiss a claim where a Complaint fails to state facts sufficient to support a claim

4   upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  A motion to dismiss

5   under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal

6   theory" or "the absence of sufficient facts alleged under a cognizable legal theory."

7   <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988); <u>Weisbuch v.</u>

8   <u>County of Los Angeles</u>, 119 F.3d 778, 783 (9th Cir. 1997).

9        A.    **<u>Plaintiff Has Failed to Address the Officer's Reasonable</u>**

10             **<u>Suspicion to Conduct a Lawful Traffic Stop</u>**

11        Plaintiff's Opposition fails to address the fact her own complaint states she

12   had expired registration for which the officer had reasonable suspicion to conduct a

13   traffic stop.  FAC ¶ 18.  The Plaintiff's Opposition continues to assert that she was

14   pulled over for illegal parking, regardless of the truth of this assertion it does not

15   negate the fact that Officer Parsons has reasonable suspicion to stop the plaintiff.

16   In Devenpeck v. Alford the Supreme Court ruled that "an arresting officer's state

17   of mind (except for the facts that he knows) is irrelevant to the existence of

18   probable cause.  That is to say, his subjective reason for making the arrest need not

19   be the criminal offense as to which the known facts provide probable cause."

20   <u>Devenpeck v. Alford</u>, 543 U.S. 146, 148, 125 S. Ct. 588, 591 (2004).  Thus,

21   Officer Parsons' motive for conducting a traffic stop does not negate the factual

22   basis that establishes reasonable suspicion to stop the Plaintiff's vehicle.  When

23   determining if an officer had the requisite level of cause to conduct a search or

24   seizure under the Fourth Amendment it is not the officer's subjective intent that

25   matters, but rather, the objective facts known to them.  <u>Id.</u> at 594.  When looking at

26   the objective facts of the stop, the Plaintiff's "registration with the DMV had

27   expired."  <u>FAC</u> ¶ 18.  This objectively establishes reasonable suspicion to stop

28   plaintiff's vehicle as expired registration is a violation of California Law, thus, this

- 2 -

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT

1   claim must be dismissed.  While plaintiff asserts her temporary registration

2   documents allowed her to operate without valid registration, even assuming this to

3   be true Officer Parsons only learned of this document "after the stop." <u>FAC</u> ¶ 19.

4   Thus, per Plaintiff's First Amended Complaint, with the facts the officer knew at

5   the time, even assuming plaintiff is correct in her assertion that that she had valid

6   temporary registration, the stop was executed with probable cause.

7   **B.**     **<u>The Plaintiff's Opposition Failed to Address the Duplicative</u>**

8                **<u>Nature of the Second Claim</u>**

9         Plaintiff's Opposition asserts that the second cause of action is not the same

10   because it "identifies the length of the stop violating the Fourth Amendment."  In

11   her Opposition plaintiff seems to assert she is pleading an excessive detention

12   claim, however, her First Amended Complaint clearly labels the claim as a

13   "wrongful seizure of her person." <u>FAC</u> ¶ 24.  Notwithstanding plaintiff's poorly

14   worded cause of action, even if she is pleading excessive detention, the claim fails

15   on the face of the Complaint.  Plaintiff contends the length of the stop was

16   unreasonable because it was "far longer than was necessary for [the officer] to

17   reasonably conclude an investigation…" <u>Id.</u>  This conclusory allegation is

18   insufficient to assert that the length of the stop was unreasonable.  "In determining

19   the reasonable duration of a stop, "it [is] appropriate to examine whether the police

20   diligently pursued [the] investigation." <u>See</u> <u>United States v. Sharpe</u>, 470 U.S. 675,

21   105 S. Ct. 1568, 84 L. Ed. 2d 605, 686 (1985).  Plaintiff's assertion that the length

22   of the stop was unreasonable to conduct a diligent investigation into the traffic

23   infraction without more is insufficient to assert a claim for excessive detention.

24   **C.**     **<u>Plaintiff Has Not Plead Sufficient Facts To Warrant Relief Under</u>**

25                **<u>Her Third Claim Alleging An Illegal Seizure of Her Vehicle.</u>**

26         Under the Fourth Amendment, an officer may lawfully seize property which

27   is in plain view and which the officer had probable cause to believe was evidence

28   of a crime.  <u>Maryland v. Buie</u>, 494 U.S. 325, 330, 110 S. Ct. 1093, 108 L. Ed. 2d

276 (1990).  Under <u>Cal. Veh. Code</u> § 4000 (a) (1)  "A person shall not drive, move, or leave standing upon a highway…any motor vehicle…unless it is registered and the appropriate fees have been paid…" Plaintiff's First Amended Complaint concedes the registration on her vehicle was expired but states that the used car dealer "posed a temporary registration known as a 'Dealers Notice of Sale' in the windshield, as required by the California Vehicle Code Section 4456 pending issuance of new registration by the DMV."  FAC ¶ 18.   <u>Veh. Code</u> § 4456 (c) states, "a vehicle displaying a copy of the report of sale may be operated without a license plates or **registration card** until either of the following, whichever occurs first: (1) the license plates and registration card are received by the purchaser.  (2) A 90-day period, commencing with the date of sale of the vehicle, has expired." (Emphasis added).   Plaintiff mistakenly believes that this code allows her to operate her vehicle without DMV registration whatsoever, however, a plain reading of the code clearly only allows an individual to operate a vehicle for 90 days without a registration card, not registration itself.  Part (a) of California Vehicle Code 4456 requires the dealer to "submit to the department an application accompanied by all fees and penalties due for registration or transfer of registration of the vehicle within 30 days from the date of sale, as provided in subdivision (c) of Section 9553, if the vehicle is a used vehicle, and 20 days if the vehicle is a new vehicle."  California Law not only requires an individual to carry a registration card inside the vehicle but also to have valid registration itself.  <u>See</u> <u>Cal. Veh. Code</u> § 4000 and § 4454.

Taking the plaintiff's facts in the First Amended Complaint to be true, she purchased the vehicle used on April 28, 2018, this would require the DMV registration to be submitted no later than May 28, 2018 per California Vehicle Code 4456(a).  FAC ¶ 18.  While section (c) of California Vehicle Code 4456 allows the user to operate the vehicle without the official DMV registration card for up to 90 days, this does not negate the need for valid registration itself.

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1  Plaintiff admits her registration was expired per the DMV database but incorrectly
2  asserts Vehicle Code 4456 (c) allows her to drive without valid registration, a plain
3  reading of the Vehicle Code shows that this is incorrect.

4          As a result of Plaintiff's expired registration, Sergeant Parsons lawfully
5  impounded Plaintiff's vehicle under the Fourth Amendment pursuant to <u>Cal. Veh.</u>
6  <u>Code</u> § 22651 (o)(1)(A).  See <u>Miranda v. City of Cornelius</u>, 429 F.3d 858, 865
7  (2005) ("The violation of a traffic regulation justifies impoundment of a vehicle if
8  the driver is unable to remove the vehicle from a public location without
9  continuing its illegal operation."); <u>Leslie v. City of Sand City</u>, 615 F. Supp. 2d
10  1121, 1125 (N.D. Cal. 2009)   (stating that "if allowing a driver to remove
11  a vehicle would result in violation of a traffic regulation, impoundment of
12  a vehicle is reasonable" under the Fourth Amendment); see also <u>Sims v. Lee,</u> 2013
13  U.S. Dist. LEXIS 144283, 22-23 citing <u>United States v. Cartwright</u>, 630 F.3d 610,
14  616 (7th Cir. 2010) (upholding the impoundment of the defendant's vehicle, based
15  in part on the fact that "no one could have lawfully driven [the] car from the
16  scene").  As such, Plaintiff's claim for an unconstitutional seizure should be
17  dismissed.

18          **D.**      **<u>Plaintiff Has No Standing to State a Claim for Violation of Her</u>**
19                  **<u>Procedural Due Process</u>**

20          Due process requires that the government follow certain procedures before
21  depriving an individual of property interests. Mathews v. Eldridge, 424 U.S. 319,
22  332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).  <u>Cal. Veh. Code</u> § 22852 provides any
23  owner whose vehicle has been subject to storage by a member of a public agency
24  "with the opportunity for a post storage hearing to determine the validity of the
25  storage."  The statute has been held to satisfy due process requirements.  See
26  <u>Scofield v. Hillsborough</u>, 862 F.2d 759 (9th Cir. 1988) (finding § 22852 satisfies
27  due process concerns where government had an interest in towing unregistered

28

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT**

1  vehicles to "remove them from the public streets, encourage owners to maintain

2  automobile registration, and deter owners form violating state registration laws.")

3  Plaintiff's First Amended Complaint admits that she was not the DMV registered

4  owner.  Ultimately, in order to have standing for a procedural due process claim

5  the Plaintiff must show she had a valid property interest in the property she is to be

6  deprived of.  See <u>United States v. James Daniel Good Real Prop.</u>, 510 U.S. 43, 46,

7  114 S. Ct. 492, 497 (1993).  Without a property interest the Plaintiff is not entitled

8  to **any** procedural due process.

9      **E.**     <u>**There Is No Evidence To Support The Plaintiff's Claim For**</u>

10                   <u>**Entity Liability Under 42 U.S.C. § 1983.**</u>

11        A local governmental entity may be sued under 42 U.S.C. Section 1983 <u>**only**</u>

12  where a municipal policy or custom *caused* an alleged violation of constitutional

13  rights.  <u>Monell v. Dep't. of Soc. Serv's. of City of New York</u>, 436 U.S. 658, 690

14  (1978).  A municipality cannot, however, be held liable under Section 1983 "solely

15  because it employs a tortfeasor – or, in other words, a municipality cannot be held

16  liable under § 1983 on a respondeat superior theory."  <u>Id.</u> at 691. Because there is

17  no *respondeat superior* liability under 42 U.S.C. § 1983, a public entity may be

18  held liable only when an explicit or tacit wrongful government **"policy or**

19  **custom"** causes government employees to violate a constitutional right, or, more

20  specifically, "when execution of a government's policy or custom, whether made

21  by its lawmakers or by those whose edicts or acts may fairly be said to represent

22  official policy, inflicts the injury."  <u>Monell</u>, 436 U.S. at 690-691, 694.

23        In general, to maintain a civil rights action against a municipal defendant, a

24  plaintiff must establish the existence of a municipal policy and that his injuries are

25  *caused* by that policy.  <u>Monell v. Dep't. of Soc. Servs.</u>, 436 U.S. 658, 690 (1978).

26  A plaintiff may assert the existence of a municipal policy in one of four ways: (1) a

27  formal policy officially endorsed by the municipality; (2) actions taken by the

28  government officials responsible for establishing municipal policies related to the

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT

particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policy makers to train or supervise subordinates.  <u>Id.</u>  Although the plaintiff need not show that the municipality had an explicitly stated rule or regulation, **<u>a single incident alleged in a Complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy</u>**.  <u>Id</u>. [Emphasis added].

Plaintiff's Opposition fails to acknowledge the deficiencies in the Complaint's <u>Monell</u> claim.  Plaintiff admits in her oppositions that her complaint "does arise from her single instance of suffering…" Plaintiff incorrectly asserts that by defendant arguing in the Motion to Dismiss that plaintiff does not have standing to be afforded procedural due process they have demonstrated a policy of unlawfully denying due process.  First, no policy is stated in plaintiff's First Amended Complaint, asserting one has been created by bringing this Motion is improper and does not fix the First Amended Complaint's serious deficiencies.  Second, defendant has argued that plaintiff is not entitled to procedural due process not according to any City of Fountain Valley Policy, but according to California Vehicle Code section 22852.  Second, California Vehicle Code section 22852 has been held to be constitutionally valid and thus, plaintiff cannot claim this as evidence of an unconstitutional policy.  <u>See</u> <u>Scofield v. Hillsborough</u>, 862 F.2d 759 (9th 1 Cir. 1988) (finding § 22852 satisfies due process concerns where government had an interest in towing unregistered vehicles to "remove them from the public streets, encourage owners to maintain automobile registration, and deter owners form violating state registration laws. ").  The First Amended Complaint states no custom, policy, or practice and fails to assert even an ounce of facts to support a <u>Monell</u> claim. Therefore, it is respectfully submitted that the Fifth Claim be dismissed with prejudice as to Defendant CITY OF FOUNTAIN VALLEY.

- 7 -

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

III.   **CONCLUSION**

Based upon the foregoing, Defendants respectfully request that this Court grant the instant Motion to Dismiss the First Amended Complaint in its entirety, without affording the Plaintiff leave to amend.


DATED: October 15, 2020          CARPENTER, ROTHANS & DUMONT, LLP

                                        *Caylin W. Jones*

                              By:   _____
                                    MARK RUTTER
                                    CAYLIN W. JONES
                                    Attorneys for Defendant, CITY OF
                                    FOUNTAIN VALLEY, a public entity.

- 8 -

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within entitled action.  My business address is 500 South Grand Avenue, 19th Floor, Los Angeles, California 90014.

On October 15, 2020 I served the foregoing document(s) described as:

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

Jane M. Murray
17200 Newhope Street, #328-B
Fountain Valley, CA 92708

**BY MAIL**
__X__ I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

**BY PERSONAL SERVICE**
_____ I delivered such envelope by hand to the addressee indicated above at 17200 Newhope street #328-B Fountain Valley, CA 92708.

**FEDERAL**
__X__ I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on October 15, 2020, at Los Angeles, California.

/s/ Lynn Gandi

_____
Lynn Gandi

- 9 -

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT