UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE M. MURRAY,<br><br>            Plaintiff,<br><br>    v.<br><br>SGT. MIKE PARSONS, et al.,<br><br>            Defendants. | Case No. 8:19-cv-00768-GW-JC<br><br>MEMORANDUM OPINION AND<br>ORDER DISMISSING ACTION |

## I.     BACKGROUND AND SUMMARY

On April 26, 2019, plaintiff Jane M. Murray, who is at liberty, is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Original Complaint" or "OC") pursuant to 42 U.S.C. § 1983 against the City of Fountain Valley (the "City"), Fountain Valley Police Department ("FVPD") Chief Kevin Childes in his official capacity, and FVPD Officer Mike Parsons in both his individual and official capacities.  (Docket No. 1).  Plaintiff's Original Complaint set forth five causes of action and sought compensatory and punitive damages.  (OC at 5-10).

///

1   On August 27, 2020, this Court dismissed the punitive damages request
2   against the City and the individual defendants in their official capacities with
3   prejudice and dismissed the remainder of the Original Complaint with leave to
4   amend.  (Docket No. 24).

5   On September 11, 2020, plaintiff filed a First Amended Complaint, and on
6   September 14, 2020, plaintiff filed a Corrected First Amended Complaint
7   (hereinafter "First Amended Complaint" or "FAC") against the City, Chief Childes
8   in his official capacity, and Officer Parsons in his individual capacity.  (Docket
9   Nos. 25-26).

10   On August 20, 2021, this Court issued an Order dismissing the First
11   Amended Complaint as against the City and Chief Childes in his official capacity
12   with leave to amend ("August Order").  (Docket No. 36).  The August Order further
13   directed plaintiff within fourteen (14) days (*i.e.*, by September 3, 2021), to do one
14   of the following:  (1) file a Second Amended Complaint; (2) file a Notice of
15   Dismissal; or (3) file a Notice of Intent to Stand on First Amended Complaint.
16   (Docket No. 36).  The August Order expressly cautioned plaintiff in bold-faced
17   print that **her failure timely to file a Second Amended Complaint, a Notice of**
18   **Dismissal or a Notice of Intent to Stand on First Amended Complaint may**
19   **result in the dismissal of this action with or without prejudice against all**
20   **defendants for failure diligently to prosecute and/or for failure to comply with**
21   **the August Order**.

22   The foregoing September 3, 2021 deadline expired without any action by
23   plaintiff.  Plaintiff has not sought an extension of the foregoing deadline or
24   otherwise communicated with the Court since the issuance of the August Order.

25   As discussed below, this action is dismissed due to plaintiff's unreasonable
26   failure to prosecute and her failure to comply with the August Order.

27   ///
28   ///

2

## II.    PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted).  A district judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a complaint

3

1  was erroneous.  Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999)

2  (citing id.).

3  **III.    DISCUSSION AND ORDER**

4          First, the August Order was not erroneous and adequately and properly

5  notified plaintiff of the deficiencies in the First Amended Complaint and afforded

6  her an opportunity to amend effectively.

7          Second, dismissal is appropriate based upon plaintiff's failure to comply with

8  the August Order and the failure to prosecute.  The Court has considered the five

9  factors discussed above – the public's interest in expeditious resolution of litigation,

10  the court's need to manage its docket, the risk of prejudice to defendants, the public

11  policy favoring disposition of cases on their merits, and the availability of less

12  drastic alternatives.  The first two factors – the public's interest in expeditiously

13  resolving this litigation and the Court's interest in managing the docket – strongly

14  weigh in favor of dismissal.  As noted above, plaintiff has been notified of the

15  deficiencies in the First Amended Complaint and has been given the opportunity to

16  amend it, to dismiss the First Amended Complaint, or to notify the Court that she

17  wishes to stand on it.  She has done nothing.  See Edwards, 356 F.3d at 1065.  The

18  third factor, risk of prejudice to defendants, also weighs strongly in favor of

19  dismissal.  See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)

20  (prejudice to defendants presumed from unreasonable delay) (citation omitted).

21  The fourth factor, the public policy favoring disposition of cases on their merits, is

22  greatly outweighed by the factors in favor of dismissal discussed herein.  As for the

23  fifth factor, since plaintiff has already been cautioned of the consequences of her

24  failure to prosecute and her failure to comply with the August Order, and plaintiff

25  has been afforded the opportunity to avoid such consequences but has not

26  responded, no sanction lesser than dismissal is feasible.  See, e.g., Yourish, 191

27  F.3d at 989 (dismissal of action *with prejudice* not excessive sanction

28  ///

for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

IT IS THEREFORE ORDERED that this action is dismissed based upon plaintiff's unreasonable failure to prosecute and her failure to comply with the August Order – each of which constitutes an independent and adequate basis to support dismissal.

IT IS SO ORDERED.

DATED: September 23, 2021

_____

HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

5